FARQUHAR v. McFARLAND AND OTHERS.

SAME v. SHACKELFORD AND OTHERS.

HEARD v. SAME.

Where the plaintiff in error, after the docket to which the case belonged had been taken up, was permitted on motion to dismiss, not having assigned errors in the Court below, and the defendants in error afterwards filed the proper certificate, &c., and moved an affirmance of the judgment, the motion was refused on the ground that the record had been filed within the time prescribed by the statute; but the Court remarked that a motion might be made to set aside the judgment of dismissal, and if it prevailed, the case could be submitted as a delay case.

Error from Washington.

*J. Sayles*, for plaintiffs in error.

*Shepherd* and *Horton*, for defendants in error.

Farquhar v. McFarland.

LIPSCOMB, J. After the docket to which these cases belonged had been taken up, the plaintiff in error moved for leave to dismiss them, not having assigned error in the Court below. His motion was granted at a subsequent day of the Term. The appellees by counsel moved for judgment of affirmance on the production of a certificate from the Clerk of the Court below, showing a copy of the judgments, and that the plaintiffs in error had filed a writ of error bond, superseding the judgments. We are of opinion that under the statute he is not entitled to judgment on his certificates, because the records had been filed within the time prescribed by the statute, but that a motion can be made to set aside the judgments of dismissal heretofore entered ; and if his motion then prevails, he can submit the cases as delay cases. We presume that the counsel for the plaintiffs in error was under a misapprehension as to the effect of a decision of this Court at Galveston, the first Term after the passage of the statute requiring errors to be assigned in the Court below, and certified in the transcripts. In that case, the counsel not knowing of the statute, had filed his record before the time it was required to be filed, that is on the day the district to which the case belonged was set to be called. He was permitted to withdraw his record for the purpose of having errors assigned in the Court below, to be certified with the transcript, when he filed it again, on or before the day set for the call of the district to which the case belonged. The motion for judgment on the certificate is refused.

Motion overruled.