### John T. Duncan v. George Herder.

Decided November 15, 1909.

**Disqualification of Judge—Parties—Daughter-in-law.**

One of the parties to a suit for debt and foreclosure was a widow who sued as survivor of the community; the debt sued on belonged to the community estate of herself and her deceased husband; the daughter of said widow by her deceased husband was the daughter-in-law of the trial judge. Held, the trial judge was disqualified by reason of his relationship to the daughter-in-law to hear an application for injunction to stay a sale of property under the judgment for foreclosure, and also to hear a motion to dissolve the injunction when granted by another judge.

Appeal from the District Court of Fayette County. Tried below before Hon. L. W. Moore.

*John T. Duncan,* for appellant.—Any person who has a substantial or vested interest or right in the subject matter of a suit, and where the judgment of the court will have the effect either to increase or diminish or deny the right thereto, and the parties bringing or defending the suit is representing others who are not named but whose rights will be concluded by whatever judgment is rendered, such parties interested in the subject matter of the suit, though not named as parties, are parties to the suit, and a relationship on the part of the judge within the third degree to such persons as are interested in the cause of action before him will disqualify him from sitting in the case, and any judgment so rendered will be absolutely null and void. Hodde v. Susan, 58 Texas, 392; Jordan v. Moore, 65 Texas, 366; Houston & T. C. Ry. Co. v. Terrell, 69 Texas, 650; Schultze v. McLeary, 73 Texas, 92; Texas & P. Ry. Co. v. Elliott, 22 Texas Civ. App., 31; Winston v. Masterson, 27 S. W., 691; Winston v. Masterson, 87 Texas, 200.

*Brown & Lane,* for appellee.—Judge L. W. Moore was not related to any of the parties to either of the suits mentioned by appellant, and was not for this or any other reason disqualified to sit in either of said causes. Judge Sinks was without power and authority in law to grant the injunction as he did in this case. Constitution of Texas, art. V, sec. 11; Rev. Stats., art. 1068; Acts of Thirtieth Leg., p. 206; Winston v. Masterson, 87 Texas, 200; Gilder v. City of Brenham, 67 Texas, 345; Wallace v. Stevens, 74 Texas, 559; Roberts v. Yarboro, 41 Texas, 450; Howard v. Galbraith, 30 S. W., 689; Grange Warehouse Ass'n v. Owen (Tenn.), 7 S. W., 457; Ex parte Harris (Fla.), 6 L. R. A., 713.

REESE, ASSOCIATE JUSTICE.—John T. Duncan instituted this suit in the District Court of Fayette County, against George Herder and others, seeking to have set aside and canceled a certain judgment theretofore rendered in said court against one Josef Peter and Barbara Peter in favor of George Herder, the plaintiff in said suit, and also in favor of certain defendants, including Mrs. A. C. Lenert, survivor of the community estate of herself and her deceased husband, upon their cross-action against Peter, for the amount of their respective debts against Peter, and for foreclosure of their respective liens on certain real estate, and adjusting equities between the parties arising from the different liens.

Among other objections urged by plaintiff to the validity of said judgment was the disqualification of the Hon. L. W. Moore, judge of said District Court, to try the case. The ground of disqualification was the relationship of said judge, within the prohibited degree, to the wife of his son, J. W. Moore, who, it is contended upon the following facts, was a party to said suit. One of the defendants in said suit was Mrs. A. C. Lenert, who was made a party in her capacity as survivor and representative of the community estate of herself and her

deceased husband, A. C. Lenert, the note upon which she recovered judgment and decree for foreclosure upon the land having been executed to the said A. C. Lenert during his lifetime, and being the property of the community estate. Mrs. Moore, the wife of the son of the district judge, was one of the children of the said Lenert and his wife, Mrs. A. C. Lenert, the said A. C. Lenert having died intestate, was interested as one of the heirs of said A. C. Lenert in the debt, which was the subject matter of said suit. She was not named as a party in said suit, which was prosecuted alone by her mother, Mrs. A. C. Lenert, as survivor of the community.

. In aid of his suit Duncan, the plaintiff in the present suit, sought and obtained from Hon. E. R. Sinks, judge of the Twenty-first Judicial District, adjoining the Twenty-second Judicial District, of which Fayette County is a part, an injunction restraining the execution of said judgment and decree in the case of Herder v. Peters et al., by a sale of the land in question. The grounds for presenting such application to Judge Sinks, instead of the judge of the court in which the suit was brought and to which such injunction was made returnable, was that the Hon. L. W. Moore, judge of said court, was disqualified by reason of the facts aforesaid, from making any order in said cause. Under this state of facts, and upon the ground as stated by him in his order, that Judge Moore was disqualified, Judge Sinks granted the injunction and ordered the writ to issue restraining the sale of the property.

We omitted to state that not only was it alleged that Mrs. Moore was interested in the note sued upon in the Herder case as one of the heirs of A. C. Lenert, but that there was certain interest due thereon which was community property of herself and her husband, J. W. Moore, in which he was also interested. This, however, we do not think is material, as there is no question made that Mrs. Moore is related within the third degree to the Hon. L. W. Moore.

The order of Judge Sinks granting the injunction was made July 27, 1909, and was filed in the District Court of Fayette County July 31, 1909, and the writ was served on the sheriff on August 2, 1909. On August 3, 1909, George Herder, by his attorneys, presented to the Hon. L. W. Moore, as judge of the District Court of Fayette County, his motion or application to dissolve said writ of injunction on the ground that Judge Sinks had no authority to grant the writ, Judge Moore not being in fact disqualified; not denying, however, the truth of the facts herein set out as grounds for such disqualification. It was further set out in such motion that no grounds for injunction were stated in such petition. The questions presented by this part of the motion are not material to be here considered. On the same day, August 3, 1909, Judge Moore made, and had entered, his order vacating the order of Judge Sinks, dissolving said injunction, and ordering the sheriff to proceed with the sale under said execution. The order of Judge Moore is based solely, as set forth therein, upon the ground that he was not disqualified, and that therefore Judge Sinks had no jurisdiction, power or authority to grant the injunction which was, on that account, void. It appears from a bill of exception reserved by plaintiff Duncan to the action of the court, that he had been notified

of the hearing of the motion, and that he had appeared and objected to the hearing of the motion at the time set, or until after ten days' notice to him as provided by statute, which was overruled, and the court thereupon proceeded at once, and upon the same day as the filing of the motion, to act upon it and to dissolve the injunction. The district judge qualifies the bill by the explanation that he acted solely upon the ground that Judge Sinks' order was void, and interposed no legal obstacle to the sale. This appeal is prosecuted, under the statute, from the order dissolving the injunction.

In the view we take of the questions presented it will only be necessary to decide the single question: Under the facts shown, was Judge Moore disqualified to hear and determine the application for the injunction and the motion to dissolve? As we understand the position taken by appellee, it is not contended that the judge did not err in hearing the motion on the day it was filed, over the objection of appellant who demanded the ten days' notice provided by statute (article 3007, Rev. Stats.), but it is contended that the order of Judge Sinks and the writ of injunction issued thereunder were absolutely void, and therefore the dissolution of such void injunction worked no harm to appellant; that it was unnecessary and of no real legal effect, serving no other purpose than would the mere opinion of the district judge to the sheriff that the injunction was void and should not be obeyed.

Whether such injunction would have been absolutely void, or merely irregular and erroneous, if in fact Judge Sinks had been in error as to the disqualification of Judge Moore, is a very troublesome question, which it is not necessary for us to decide. (Chap. 34, Acts First Called Session, Thirty-first Legislature, Acts 1909, p. 354.)

Passing then to the only question we shall discuss or decide, as to whether Judge Moore was disqualified, we are met by what appears to be a conflict between the opinion of the Supreme Court in the case of Winston v. Masterson (87 Texas, 200) and earlier decisions of the Supreme Court upon this question. The conflict does not arise upon the question decided, but upon the clear and positive grounds upon which the Supreme Court in the later case bases its decision. In this case Winston sought in the District Court to enjoin the execution of a judgment of the County Court against him in favor of one Davis. Davis had engaged H. Masterson, an attorney, to bring suit against Winston, and had agreed to give him for his services a contingent fee equal to one-half of the amount recovered upon the claim. The county judge was the brother of H. Masterson, the attorney. The ground of attack upon the judgment was that the relationship of the county judge to H. Masterson, the attorney for the plaintiff, disqualified him, and rendered the judgment void. This contention was not sustained by the District Court, and on appeal to the Court of Civil Appeals of the First District the judgment was affirmed (27 S. W., 691), that court, in an opinion of Chief Justice Garrett, holding that H. Masterson had no such interest in the subject matter of the suit as would make him a party to the suit within the meaning of article V, section 11 of the Constitution, and article 1090 of the statutes, as in Schultze v. McLeary (73 Texas, 92). Pending a motion for re-

hearing the question of the disqualification of the county judge was certified to the Supreme Court. The answer of the Supreme Court was that he was not disqualified. If the opinion had gone further, it will readily be seen that there is a clear distinction between the question as it arose in that case and as presented in Schultze v. McLeary (73 Texas, 92); Hodde v. Susan (58 Texas, 392); Jordan v. Moore (65 Texas, 366); Houston & T. C. Ry. v. Terrell (69 Texas, 652), and Simpson v. Brotherton (62 Texas, 170), and as presented in the present case. It seems entirely clear to us that Mrs. Lenert stood in the same relation to her daughter, Mrs. Moore, as regards the community, as the husband did towards the wife in the cases referred to. A portion of the very property involved in this case belonged to the daughter, who had not only the beneficial but the legal title as one of the heirs of A. C. Lenert, deceased, and her interest was represented in the suit by Mrs. Lenert in her capacity as survivor of the community, in the same sense that the wife was said to have been represented by the husband, in a suit by or against him with regard to the community estate. But in the opinion in Winston v. Masterson it is said in plain and unambiguous language, that, as used in the Constitution (article V, section 11) and the statute (article 1090), the word "party" is used in its technical sense as one named as plaintiff or defendant in the record. The court quotes with approval from Merchants' Bank v. Cook (4 Pick., 411), as follows:

"We are to ascertain the true meaning of the Legislature in the use of the words of their statute, and we are to consider them, when legislating upon subjects relating to courts and legal process, as speaking technically, unless from the statute itself it appears that they made use of the terms in a more popular sense. The word 'party' there is unquestionably a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether in law or in equity—the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons; they are parties in the writ, and parties on the record, and all others who may be affected by the writ indirectly or consequentially are persons interested, but not parties."

It is further said: "If relationship to one interested in the result of an action would disqualify the county judge, then he would have been disqualified, although the interest of his brother was contingent," thus seemingly disapproving of the ground upon which the trial court and the Court of Civil Appeals had rested their decision.

In Schultze v. McLeary (73 Texas, 92) the question was as to whether the relationship of the district judge to the wife of Orynski disqualified him to try a case in which Orynski was a party, involving the community estate of himself and wife. In disposing of the case holding that the judge was disqualified, the court says:

"It may be that the judge and Orynski were not related by affinity at all, but if the claim represented by the latter was one in which Orynski was but the representative of his wife, who was so related, or if he was the representative of a right claimed by himself and wife in a community right, or if any judgment to be rendered in his favor or against him would affect the right of the wife through her community

rights, even to the extent of costs, then the wife of Orynski, within the spirit and purpose of the constitutional provision to which we have referred, was a party to the suit, and the district judge was disqualified," citing Hodde v. Susan, Jordan v. Moore and Railway Company v. Terrell, *supra*.

In passing upon this same question in Hodde v. Susan the Supreme Court uses this language: "A narrow or contracted construction of the term 'party' which confines it to the very person named on the docket as such, and excludes such as stands precisely in the same relation, would often defeat the end had in view, of having justice impartially administered free from the bias and influence produced by the interest held in the cause by the judge or his relations."

The opinion in the case of Schultze v. McLeary was rendered by Chief Justice Stayton, whose language we have quoted. Although the opinion in Winston v. Masterson purports to have been rendered by the present Chief Justice Gaines, it appears from a note at the foot of the opinion that it was in fact written by Chief Justice Stayton. It will be noticed that no reference is made therein to any of the cases announcing, it seems to us, a doctrine diametrically contrary to the doctrine there stated. Can it be supposed that the learned Chief Justice intended, by what was said, to overrule the doctrine established by the previous decisions of the Supreme Court, including the case of Schultze v. McLeary, so shortly before decided, in which he himself had spoken so positively? We decline to think so, and especially as such a conclusion would inevitably lead to the most extraordinary results. If, in order to disqualify a judge to try a case on account of relationship to one of the parties, it is essential that such person be named in the pleadings as a party plaintiff or defendant, then it would follow that a judge might properly try a case brought by an executor or administrator involving the property of the estate, the heirs of which, as sole owners of the property, might be the judge's own children. Such a suit might well be brought by an executor or administrator without naming the heirs or any of them as parties.

We do not think it necessary to go further than the decisions of our own State upon this question. If we were to do so it would be found that the great weight of authority supports the doctrine of the earlier cases cited.

In the light of the decisions of this State we are justified in limiting the decision in Winston v. Masterson to the facts of that case, in which view there is no conflict with the earlier cases, and to follow the doctrine of those cases as applicable to the facts here presented.

We therefore hold that Mrs. Moore was a party to the suit within the meaning of that term as used in the Constitution and statute, and, as it is not questioned that she was related to the district judge within the third degree, that he was disqualified to grant or dissolve the injunction. Such being the case, the order of Judge Sinks granting the injunction must stand until properly overruled. Not only was Judge Moore disqualified to make the order dissolving the injunction, but his action in denying appellant the ten days' notice provided by statute, and demanded by him, was erroneous.

When we consider the clear, positive and unambiguous language used

by the court in the opinion of Winston v. Masterson, we are forced to admit that it is not at all unreasonable that the learned district judge, whose action we have reviewed, concluded that Mrs. Moore was not a party to the suit, and that he was not disqualified. We are constrained to hold otherwise.

The order dissolving the injunction granted by Judge Sinks is reversed, set aside and annulled, and it is ordered that the injunction be reinstated in full force, as though no such order had been made.

*Reversed and rendered.*

Writ of error refused.