## STATE *ex rel.* MAYO v. PITCHFORD, *District Judge.*

### No. 5919.   Opinion Filed June 9, 1914.

#### (141 Pac. 433.)

1.  **JUDGES—Disqualification—Relationship to Party in Interest.**
    Where the undisputed facts show that, in a case pending in the
    district court before respondent as district judge, Joseph I. Pitch-
    ford is respondent's son and is attorney of record for plaintiff, and
    is prosecuting a suit under contract providing for a contingent
    fee, and his compensation depends upon the result of said suit,
    held, that under section 248, Rev. Laws 1910, such attorney has
    an interest in the subject-matter and the result of said suit, and
    respondent (his father) as such district judge is disqualified un-
    der section 5812, Rev. Laws 1910, to hear and determine said
    cause.

2.  **SAME—"Party."**   Section 5812, Rev. Laws 1910, should be given
    a liberal and broad construction in the interest of justice and im-
    partiality, and the word "party" should be construed to include
    any person directly interested in the subject-matter of the suit,
    or the result of same, although such party be not named as a
    party of record.

3.  **SAME—Disqualification—Mandamus.**   Where, in any cause pending
    in any court of record in this state, a judge is disqualified to sit
    and hear said cause under the Constitution and laws of this state,
    he should certify his disqualification, and, when he refuses to do
    so when requested in the manner provided by law, mandamus is
    the proper remedy.

(Syllabus by the Court.)

Original mandamus by the State, on the relation of J. M.
Mayo, against John H. Pitchford, Judge of the District Court of
Sequoyah County.   Writ granted.

*Robert E. Jackson,* for petitioner.

*M. L. Smith, Curtis & Pitchford,* and *T. J. Wysong,* for re-
spondent.

RIDDLE, J.   This is an original proceeding in this court,
wherein J. M. Mayo, petitioner, files his petition herein against
the Honorable John H. Pitchford, judge of the district court of
Sequoyah county, praying for a writ of mandamus, requiring
the said district judge to certify his disqualification in a certain

cause pending in said district court, wherein Ella Coleman is plaintiff and J. M. Mayo, the petitioner herein, is defendant.

There are two grounds relied upon by petitioner for the relief sought, in substance as follows: That said John H. Pitchford is not without prejudice towards this defendant, but he has often shown his unreasonable aversion and dislike for him and bears such prejudice toward defendant as will preclude giving out justice, unadulterated. Second, that Joseph I. Pitchford is a son of respondent and one of the attorneys of record for the plaintiff in said cause; and that the amount of compensation to be received for his services depends upon the judgment of the court rendered in said cause. Defendant filed his application with the clerk of the trial court, requesting respondent to certify his disqualification on the grounds above set out. Respondent refused to disqualify, and gave as his reasons therefor that he was unconscious of ever by word or act doing or saying anything that would indicate the least bias or prejudice against the defendant, and further stated that he did then and had always entertained a high regard for defendant, and was absolutely free from any prejudice in said matter against said defendant. His reason for not disqualifying upon the second ground as stated was that while his son, Joseph I. Pitchford, is an attorney in said cause, yet he is a married man and did not reside with respondent; that respondent has no interest, directly or indirectly, in the result of said cause, or in any contingent fee that might be recovered by his son. The petitioner bases his right to the relief prayed for upon section 14, art. 2, Williams' Ann. Const., which, in so far as applicable here, provides:

"Right and justice shall be administered, without denial, delay, or prejudice."

And upon section 5812, Rev. Laws 1910, which provides:

"No judge of any court of record shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested, or when he is related to any party to said cause within the fourth degree of consanguinity or affinity, or in which he has been of counsel for either side, or in which is called in question the validity of any judgment or pro-

ceeding in which he was of counsel or interested, or the validity of any instrument or paper prepared or signed by him as counsel or attorney.   *   *   * "

The view we take of the case at bar will require the consideration of the second ground only. It is agreed between the petitioner and respondent that Joseph I. Pitchford, one of the attorneys of record for plaintiff in the case in the court below, is the son of respondent and is prosecuting said suit under a contract for a contingent fee; and that the compensation for his services and the amount thereof depend upon the result of said proceedings. Section 248, Rev. Laws 1910, provides:

"It shall be lawful for an attorney to contract for a percentage or portion of the proceeds of a client's cause of action or claim not to exceed fifty per centum of the net amount of such judgment as may be recovered, or such compromise as may be made, whether the same arises *ex contractu* or *ex delicto,* and no compromise or settlement entered into by a client without such attorney's consent shall affect or abrogate the lien provided for in this chapter."

It would appear from this section of the statute that an attorney prosecuting a suit under a contract providing for a contingent fee would at least have an equitable interest in his client's cause of action. It was held by the territorial Supreme Court, in the case of *Gillette & Libby et al. v. Murphy et al.,* 7 Okla. 91, 54 Pac. 413, that, under the statute then in force, an attorney's lien did not carry with it an equitable assignment of any portion of the cause of action; yet that ruling was under an entirely different statute and under a special contract different from the one under consideration, and has no application here. The question for our determination is whether or not respondent is disqualified, under section 5812, Rev. Laws 1910, to hear and determine the case now before the court. It is the contention of counsel that said respondent is not related to any of the parties in said proceeding within the fourth degree of consanguinity or affinity; that, while he is the father of Joseph I. Pitchford, who is of counsel in said cause, and who is prosecuting said cause upon a contingent fee, and as we have seen, under the statute, has at least an equitable interest in the subject-matter of the cause of action, yet this

does not bring the petitioner within the language of this statute. To give the statute a narrow and technical construction, this contention might be upheld. But, when we look to the purpose of the statute and consider it in connection with the spirit of section 14 of article 2 of the Constitution, *supra,* we are impressed with the fact that this statute should have a more liberal and broader construction than that contended for. This exact question has never been before this court. Therefore it will be necessary to resort to decisions of other courts and to general principles of law, and, in the light of reason and justice, give such construction to the language used in this statute as will effectuate the purpose of the Legislature and the spirit of our Constitution.

In the case of *Charles Augustus Hengst v. Bates B. Burnett,* 40 Okla. 42, 135 Pac. 1062, the court had under consideration a question similar to the one involved here. In the first paragraph of the syllabus, it is said:

"In a proceeding in the county court by a guardian to invest the money of his ward pursuant to Comp. Laws 1909, sec. 5513, *held,* construing Comp. Laws 1909, sec. 5139, that the guardian is a 'party' thereto within the contemplation of said section, and that the judge of the county court, his brother-in-law, was disqualified to sit in said proceeding."

Justice Turner, in that case, quoted from 17 Am. & Eng. Enc. of Law, as follows:

"The cases construing the various statutory provisions disqualifying for relationship to a 'party' are not uniform; some confining their application to actual parties, while others are much broader in their construction."

Justice Turner then says:

"Without declaring in favor of either construction, if the guardian in this instance was not a party to his own petition, then we have the anomalous condition of a proceeding in probate without a party to it. Such he is denominated by the statute, authorizing him to conduct the proceeding, and such we hold him to be."

It will be seen in that case that the court held that the guardian was a party of record to the proceeding. From a careful examination of the adjudicated cases and authorities, and in the light of reason and justice, we are of the opinion that relator is dis-

qualified, by reason of his son being an attorney of record in said cause, and his compensation depending directly upon the result of said cause.

In the case of *Crook, Judge, v. Newborg et al.,* 124 Ala. 479, 27 South. 432, 82 Am. St. Rep. 190, the court, construing an appeal from a judgment awarding a writ of mandamus to compel a probate judge to certify his disqualification, as the surety upon the administrator's bond was related to the trial judge within the degree specified in the statute, said:

"The purpose of the statute is to secure to litigants a fair and impartial trial by an impartial and unbiased tribunal. Next in importance to the duty of rendering a righteous judgment is that of doing it in such manner as will beget no suspicion of the fairness or integrity of the judge. 'The principle of disqualification is to have no technical or strict construction, but is to be broadly applied to all classes of cases where one is appointed to decide the rights of his fellow citizens. * * * Disqualifying statutes are not to be construed in a strict, technical sense, but broadly, with liberality. The term "party," used to indicate persons to whom the judge is related, and who are connected with the litigation, is not confined to parties of record.' 12 Am. & Eng. Enc. Law, p. 41."

In the case of *Yazoo & M. V. R. Co. v. Kirk,* 102 Miss. 41, 58 South. 710, 42 L. R. A. (N. S.) 1172, the identical question presented here was involved. The court, through Mr. Justice Cook, stated:

"This presents a question to this court of paramount importance to litigants in the courts of the state, as well as to the general public. All are interested in the integrity, independence, and impartiality of the judiciary, the most important and powerful branch of our government. Not only must the judges presiding over the courts be honest, unbiased, impartial, and disinterested in fact, but it is of the utmost importance that all doubt or suspicion to the contrary must be jealously guarded against, and, if possible, completely eliminated, if we are to maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state. The first clause of section 165 of the Constitution reads as follows: 'No judge of any court shall preside on the trial of any cause where the parties, or either of them, shall be connected with him by affinity or consanguinity, or where he may be interested

in the same, except by the consent of the judge and of the parties.' The only difficulty in construing this constitutional limitation upon the power of judges to preside in the trial of a cause lies in the interpretation and definition of the word 'parties.' "

After quoting from cases from Alabama, Texas, New Hampshire, Georgia, and Arkansas, the court states further:

"We are convinced that the broad and liberal rule of construction is the soundest and wisest rule, and, adopting this rule as our guide, we conclude that the circuit judge was disqualified to preside at the trial of this case. If the numerical weight of authority rested with the narrow view, we would unhesitatingly follow the lead of those courts adopting a broad and liberal construction of statutes and constitutions similar in language to our own Constitution. In the absence of precedent, we would feel constrained to create a precedent in harmony with our views. Every litigant is entitled to nothing less than the cold neutrality of an impartial judge, who must possess the disinterestedness of a total stranger to the interests of the parties involved in the litigation, whether that interest is revealed by an inspection of the record or developed by evidence *aliunde* the record. The real parties in interest furnish the reason for the judge to rescue himself when it becomes known that they are related to the judge, although they may not be parties *eo nomine*."

In the case of *Howell v. Budd, Judge,* 91 Cal. 342, 27 Pac. 747, the second paragraph of the syllabus is as follows:

"Section 170 [Code Civ. Proc.] provides that no justice or judge shall act as such in any action or proceeding 'when he is related to either party by consanguinity or affinity within the third degree, computed according to law.' *Held,* in an action by an alleged daughter of a decedent to revoke letters of administration granted to decedent's grandnephew, that the sons of a judge, who have contracted to try the case for the nephew on condition of receiving one-fourth of the estate if they succeed, are 'parties,' within the spirit of the Code, and their father cannot act as judge."

In the case of *Duncan v. Herder et al.,* 57 Tex. Civ. App. 542, 122 S. W. 904, the syllabus is as follows:

"A judge who is the father-in-law of a daughter of an intestate is disqualified from hearing an action by the widow suing in her capacity as survivor and representative of the community estate on a note executed to the intestate in his lifetime,

under Const. art. 5, sec. 11, prohibiting a judge from sitting in any case where either of the parties may be connected with him by affinity or consanguinity, etc., though the daughter is not named as a party."

In the case of *Vine et al. v. Jones, Judge, et al.,* 13 S. D. 54, 82 N. W. 82, the third paragraph of the syllabus reads:

"Under Laws 1890, c. 78, sec. 17, providing that a county judge shall be disqualified in any probate proceeding whenever he is related within the fourth degree to any person interested, a judge is disqualified where his son is prosecuting a proceeding before the court, and his compensation is dependent on the success of the litigation."

In the case of *Roberts v. Roberts,* 115 Ga. 259, 41 S. E. 616, 90 Am. St. Rep. 108, in the first paragraph of the syllabus, it is held:

"A judge who is related within the fourth degree of consanguinity or affinity to counsel for the applicant in an application for alimony, in which an allowance for counsel fees is asked, is disqualified from presiding in the case; and this is true notwithstanding counsel have a binding contract with the applicant which obligates her to pay them fees commensurate with their services, independently of whether the application for alimony and counsel fees is successful or not."

In the case of *Jirou v. Jirou et al.* (Tex. Civ. App.) 136 S. W. 493, the first paragraph of the syllabus reads:

"Const. art. 5, sec. 11, and Rev. St. 1895, art. 1129, provide that no judge is qualified to try a case in which any party to the suit is related to him within the third degree. *Held,* that the word 'party' was not limited to those named as parties in the pleadings, but included all persons directly interested in the subject-matter and result of the suit, including a purchaser of property sold at a guardian's sale pursuant to an order of the court."

We unhesitatingly adopt and approve the rule laid down by the foregoing authorities, and adopt the language used by the Supreme Court of Mississippi as quoted as being applicable here.

The writ of mandamus will be issued, requiring respondent to forthwith certify and file in said cause his disqualification, to the end that another judge may be elected or appointed in the manner provided by law to hear and determine said cause.

All the Justices concur.