LORING v. KEITH et al.    (No. 1665.)

(Court of Civil Appeals of Texas.    Amarillo.
March 10, 1920.)

APPEAL AND ERROR ⬤⟿1127—AFFIRMANCE ON CERTIFICATE AUTHORIZED ONLY WHERE CASE WITHIN LETTER OF STATUTE.

Where the facts do not bring the case within the letter of the statute, which provides for an affirmance on certificate "in case the appellant or plaintiff in error shall fail to file a transcript of the record," etc., motion for affirmance on certificate will be denied.

Appeal from District Court, Floyd County; R. C. Joiner, Judge.

Suit between John A. Loring and Minor C. Keith and others, trustees. The appeal of Loring was dismissed, and the trustees move to affirm on certificate. Motion for affirmance denied.

M. J. Baird, of Plainview, for appellant.
P. B. Randolph, of Plainview, for appellees.

BOYCE, J. This is a motion by appellees to affirm on certificate. The record on appeal was filed by appellant within due time. Neither the appellant nor appellees briefed the case, and the appellant moved to dismiss the appeal, which motion was granted, and order entered, at a former day of this term, dismissing the appeal.

The facts do not bring the case within the letter of the statute which provides for affirmance on certificate, "in case the appellant or plaintiff in error shall fail to file a transcript of the record," etc. In the case of Farquhar v. McFarland, 13 Tex. 92, affirmance on certificate was denied on similar facts. We have found no other case dealing with the question, though in the case of T. & N. O. Railway Co. v. Hare, 4 Tex. Civ. App. 18, 23 S. W. 43, there is an inferential assumption that an affirmance on certificate might not be had in such case.

The motion for affirmance on certificate will be denied.