**FERGUSON v. FERGUSON.   (No. 1863.)**

(Court of Civil Appeals of Texas. El Paso. March 25, 1926.)

**Executors and administrators ⬅20(10)—District court has jurisdiction of appeal from order of county court appointing temporary administrator (Rev. St. 1911, art. 3631, as amended by Acts 37th Leg. 1921, c. 116 [Vernon's Ann. Civ. St. Supp. 1922, art. 3631]).**

District court by express provision of Rev. St. 1911, art. 3631, as amended by Acts 37th Leg. 1921, c. 116 (Vernon's Ann. Civ. St. Supp. 1922, art. 3631), has jurisdiction of appeal from order of county court appointing temporary administrator.

Appeal from District Court, Haskell County; Bruce W. Bryant, Judge.

In the matter of the estate of Mrs. Kate F. Morton, deceased. From an order appointing Joe Lee Ferguson temporary administrator, Alex M. Ferguson appealed to the district court. The appeal was dismissed, and Alex M. Ferguson appeals. Reversed and remanded.

J. F. Holt, of Sherman, and Ratliff & Ratliff, of Haskell, for appellant.

W. H. Murchison and Clyde Grissom, both of Haskell, for appellee.

HIGGINS, J. Appellee was appointed temporary administrator of the estate of Mrs. Kate F. Morton by the county court of Haskell county. From the order of appointment appellant appealed to the district court. Appellee moved to dismiss the appeal upon the ground that the district court had no jurisdiction to review the order appealed from. The motion was sustained and the appeal dismissed on May 11, 1925.

Article 3631, R. S. 1911, as amended by chapter 116, Acts 37th Legislature, p. 222 (Vernon's Ann. Civ. St. Supp. 1922, art. 3631), reads:

"Any person who may consider himself aggrieved by any decision, order, decree or judg-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter; provided that in appeals from orders or judgments, appointing administrators or temporary administrators, the administrators shall continue the prosecution of suits then pending in favor of the estate, and if on appeal from probate court, a different administrator shall be appointed, he shall be substituted in such case."

Under this act the district court had jurisdiction of the appeal. The court erred in holding to the contrary.

Reversed and remanded.