**FRY et al. v. TUCKER et al.**

No. 6224.

Court of Civil Appeals of Texas. Texarkana.

Oct. 17, 1946.

Rehearing Denied Nov. 7, 1946.

Vinson, Elkins, Weems & Francis, C. E. Bryson and P. Harvey, all of Houston, and Simon, Wynn, Sanders & Jones, of

Ft. Worth, and J. W. Chandler, of Jacksonville, for appellants.

Albert J. DeLange, DeLange, Beman & Hudspeth, J. W. Lockett, Kayser, Liddell & Austin, Dwight H. Austin, Norman J. Bering, Abe Wagner, Fountain, Cox & Gaines, and Joyce Cox, all of Houston, Summers Norman, of Jacksonville, and Gerald L. Johnson, of Dallas, Donald Campbell, Victor C. Mieher, L. A. Thompson, and Harry D. Page, all of Tulsa, Okl., for appellees.

WILLIAMS, Justice.

Certain probate orders granted in the probate court of Cherokee County, Texas, in a cause there numbered 17 and styled "Estate of Francis Fry, deceased," on an appeal to the district court of said county, were set aside and administration on the estate ordered closed. Litigants number in the hundreds and will be referred to as they were grouped and named in the judgment. Those named in groups 1 and 3, who are the appellees here, claim title to certain tracts out of a body of 2,200 acres of land in Harris County, Texas, whose title originated over 50 years ago in conveyances by persons claiming to be the sole heirs of Francis Fry and his son, Sam Houston Fry. The unknown heirs of various persons are named in group 7. A surety on a probate bond is named as the sole party in group 6. Fred Fry, as temporary administrator, is sole person named in group 2. Those named in groups 4, 5, and 7, claim to be the paternal heirs of Francis Fry, and with Fred Fry as temporary administrator are the appellants here.

Francis Fry, a citizen of Cherokee County, died there, intestate, September 11, 1856. In October, 1856, his brother-in-law, one J. F. Patton, was appointed and qualified as administrator of the estate. Patton died in 1895. In March, 1942, 47 years after Patton's death, and some 85 years after administration had been granted on the Fry estate, one J. R. Hill, neither a creditor nor an alleged heir, a resident of Harris County, made application to be, and after the posting of notice for ten days required in probate had been given, was appointed administrator de bonis non of the estate.

Hill as administrator de bonis non, after qualifying as such, intervened in certain trespass to try title actions that had theretofore been filed in the district courts of Harris County by some of the parties in groups 4 and 5, against a part of the appellees for recovery of certain lands patented to Francis Fry, situated in Harris County. Hill later instituted trespass to try title actions against the appellees in group 1 for recovery of other lands patented to Francis Fry. After Hill had intervened in above trespass to try title actions then pending in Harris County, Frank A. Carpenter and others named in group 3, who were the defendants there, filed a motion in the Cherokee County probate court to set aside the appointment of Hill as administrator de bonis non and to declare administration on the estate closed. Hill, in his official capacity, and all the appellants other than Fred Fry, as temporary administrator, resisted this motion. One C. R. Waites is one of the several hundred named in group 4, who joined in a contest of this motion. The probate court denied the relief sought under the motion.

Before the appeal papers reached the district court for filing, Mrs. Fannie Tucker and the others named in group 1, who were defendants in certain suits filed in Harris County by J. R. Hill, as administrator de bonis non, petitioned the district court for a writ of certiorari, attacking the appointment of J. R. Hill as administrator de bonis non, and to declare the administration on the estate closed. J. R. Hill, administrator de bonis non, was the sole respondent named. The writ of certiorari issued out of the district court.

With the above two causes pending in the district court, J. R. Hill died. Fred Fry then made application in the probate court for appointment as administrator de bonis non, and, in the alternative, for appointment as temporary administrator of Francis Fry's estate. All the appellees resisted the application in the probate court or any further proceedings in the case and prayed for the closing of the estate. The court refused to close the estate and refused the appointment as administrator de bonis non, but appointed Fred Fry temporary administrator and vested him with full power to

prosecute the Harris County trespass to try title suits and take possession of the "estate's" property. After the appeal papers in this last proceeding were filed in the district court, Fred Fry, as temporary administrator, was made a party to the first two by writ of scire facias.

A joint trial of the three proceedings was ordered and had by the court. The jury found that the debts listed in the annual exhibit filed by Patton on December 28, 1857, in the administration, had been paid and that he had accounted to the probate court for the proceeds of a 17.2 acre tract of land belonging to the estate. Various issues dealt with heirships and were answered adversely to appellants. Grounded on the jury findings, the court found that none of the parties to the suit was related to or was an heir of either Francis, Emeline, or Sam Houston Fry, and that there were no debts owed by the estate of Francis Fry, in 1942, or subsequently. The decree further reads:

"That administration on the estate of Francis Fry, deceased, be, and the same is hereby ordered to be closed.

"That the order of the probate court of Cherokee County, Texas, dated May 25, 1942, purporting to continue administration on the estate of Francis Fry, and to appoint J. R. Hill as administrator, is set aside.

"That the order of the probate court dated September 14, 1944, refusing to set aside the order of May 25, 1942, is hereby set aside.

"That the order of the probate court of Cherokee County, Texas, dated January 16, 1945, appointing Fred Fry temporary administrator of the estate of Francis Fry, deceased, should be and the same is hereby set aside, and the prayer of the aforesaid Fred Fry for letters of administration, and all things prayed for in his application for letters of administration filed in the probate court of Cherokee County, Texas, should be and the same are hereby ordered denied.

"That the judgment is entered as the judgment of the court in each of the above captioned and numbered causes, and a copy thereof shall be certified to the probate court of Cherokee County, for its observance.

"The costs of each of the above proceedings are taxed against the persons in groups second, fourth, fifth, and sixth, for which let execution issue."

Appellants attack the procedure of being required to try the causes jointly, and further contend that by reason of the judgment entered pursuant to such joint trial C. R. Waites and all other appellants were made and became parties to all three proceedings, and by reason of the relationship of the Hon. H. T. Brown, trial judge, by affinity to the wife of C. R. Waites, the judgment and all orders so entered were null and void.

■ The trial judge, the Hon. H. T. Brown, was related by affinity within the third degree to Mrs. Waites, the latter and the wife of the trial judge being first cousins. Seabrook v. First National Bank, Tex. Civ.App., 171 S.W. 247. Above relationship was not discovered during the trial. The trial judge did not know of such relationship until it was raised on motion for new trial. Mrs. Waites was not named as a party to any of the actions here involved, but her husband, C. R. Waites, answered and was a party in cause No. 15748—A (the motion proceeding). With the exception of court costs, any adjudication with respect to the probate decree in No. 15748—A, either favorable or detrimental to her husband's claim, could affect only the alleged separate estate of her husband. Notwithstanding this and although she was not named as a party, the trial judge under Art. V, Sec. 11 of the Constitution, Vernon's Ann.St., was without valid authority to dispose of the matters involved in No. 15748—A. See also Seabrook v. First National Bank, supra; Duncan v. Herder, 57 Tex.Civ.App. 542, 122 S.W. 904; Schultz v. McLeary, 13 Tex. 92, 11 S.W. 924; Postal Mut. Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482. In Schultz v. McLeary, supra, which cites among other cases Jordan v. Moore, 65 Tex. 363, 366, it is stated: "We know as matter of law, that the community estate of Orynski and wife would be liable for any costs that might be awarded against him, and that any adjudged in his

favor would belong to that estate; and if, in fact, no other ground for disqualification of the district judge existed, this would be sufficient."

From the character of the litigation above set out, involved in each of the three causes, it is apparent that the ultimate issue for determination (the basis for the appointment of an administrator de bonis non, or that of a temporary administrator) was whether the necessity for administration existed. All the determinative evidence germane to each was pertinent and admissible on the others. Under such conditions with the saving of much time and expense that would be effected, it was not an abuse of discretion for the court to order and try the cases jointly. Rule 174(a), Texas R.C.P.; 64 C.J. p. 35, Sec. 6.

The judgment after enumerating the parties in each group and reciting each group's appearances through their attorneys in a numbered cause, further recites that "that group appeared as interested parties" in the other two causes. In this pattern, the judgment, after naming those in the 4th group which included C. R. Waites, recites "who are appellees in cause No. 15748—A and who also appeared as parties interested in causes No. 15748 and No. 15748—B. The decree with respect to costs reads: "The costs of each of the above proceedings are taxed against the persons in groups 2, 4, 5 and 6,·for which let execution issue." Appellants contend that by reason of such recitals, the parties in cause No. 15748—A were made and became parties to the other cases. On account of the disqualification of the trial judge, herein discussed, the trial judge was without valid authority to make them party litigants to the other causes or to assess any costs against them in any of the three causes.

The intent to keep the cases segregated is reflected by other orders of the court reading: "* * * that part of said appellees' motion which seeks to consolidate said three causes be and the same is over- ruled. The court is of the further opinion, however, that the said 3 cases could be tried jointly and at the same time. It is therefore ordered, adjudged and decreed that that part of said (appellees') motion which seeks to have said three cases tried jointly or at the same time should be and the same is hereby granted, provided, however, that the said cases shall be tried as separate cases and that the same shall not be considered as consolidated for any purpose, and that separate judgments shall be rendered in each of said causes * * *."

It was further ordered by the court: "That the certiorari proceeding styled, Mrs. Fannie Tucker, et al. v. J. R. Hill retain its original filing number 15748; that the appeal from the order overruling the motion in the probate court, styled "Estate of Francis Fry, deceased," be given number 15748—A, and that the appeal from the order appointing Fred Fry, temporary administrator styled "Estate of Francis Fry, deceased," be given number 15748—B; and for the convenience of the trial designated the parties enumerated in groups 2, 4, 5, 6, and 7, as applicants, and those named in 1 and 3 as contestants; and ordered any instrument to be filed and bearing the designation of more than one of the three causes shall be considered as filed in each of such cases as so designated by the caption on the instrument so filed." This intent to keep the cases segregated is further expressed in the final decree wherein it is recited that it is entered "as the judgment of the court in each of the above captioned and numbered causes." The conclusion is therefore reached that the trial was not had upon a consolidated action.

Under the pleas to the jurisdiction urged by appellants, overruled by the court at the conclusion of the trial, appellants urged (1) since J. R. Hill as administrator de bonis non was the sole party named as defendant in the certiorari proceeding, all interested parties were not before the court, contending that all the alleged heirs and other claimants to the lands were necessary parties; (2) since the original motion and amended motion in the motion proceedings were filed after the adjournment of the term at which the order appointing J. R. Hill administrator de bonis non had been made, the motion did not state a cause of action because the pleadings did not allege that the judgment making the appointment had been obtained as the result of fraud,

accident, or mistake; and (3) that the order which appointed Fred Fry temporary administrator was not such an order as is appealable to the district court.

The probate court disposed of all issues involved in the contest over the application of Fred Fry by appointing him temporary administrator with power to take possession of the estate, to prosecute all litigation and to do everything that Hill had been attempting. Such decree was an appealable order to the district court. Art. 3698, R.C.S. of Texas, provides: "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of this chapter;" See also Art. 3699, R.C.S. of Texas; Halbert v. Alford, Tex. Sup., 16 S.W. 814; Id., 82 Tex. 297, 17 S.W. 595; Ferguson v. Ferguson, Tex.Civ. App., 283 S.W. 297.

Shortly after the death of Francis Fry in 1856, Patton, as administrator of his estate, filed an inventory and appraisement of the estate in which he inventoried certain personal property, a 17½ acre homestead, and some debts due to the estate. He filed two annual exhibits which were approved by the court. The last official paper filed by him or any order made in the estate as far as any probate papers can now be located was a written request filed in 1874 in response to a complaint by a court official who claimed a $10.21 bill of court costs. In this, Patton requested until January term, 1875, at which time he would file his account for settlement and would obtain duplicate vouchers if those mislaid could not be found. On the death of Patton in 1895, the matter of further administration was thrown completely at large, just as if there had been no administration. In such an event no further administration is to be granted unless necessity exists therefor. Art. 3367, which governs here, provides: "Whenever any estate is unrepresented by reason of the death, removal or resignation of the executor or administrator, the court shall grant further administration upon such estate when necessary * * * in the same manner and under the same regulations provided for the appointment of the original executors or administrators."

The necessity of administration on the estate was the ultimate and vital issue involved in the contest over the appointment of Fred Fry as temporary administrator. Necessity for administration to prosecute trespass to try title action for alleged lands of the estate and for partition as urged by appellants are untenable under this record. No impediments existed to prevent appellants as alleged heirs from prosecuting the trespass to try title action in which they were then engaged. The probate court would be without jurisdiction to partition when, as here, issues of limitation, innocent purchaser, and various other defenses being urged by appellees in the Harris County District Court were involved. There were no debts due by the estate, and if any, they were long barred by our limitation statutes. Under above facts no necessity existed for administration. Blair v. Cisneros, 10 Tex. 34. The conclusions reached on the appointment of temporary administrator in which administration on the estate is ordered to be closed renders unnecessary a discussion of the pleas to the jurisdiction in the motion and certiorari proceeding, for the same ultimate issue, namely, necessity for administration was involved.

The trial judge was not disqualified to hear and dispose of the issues involved in 15748—B. Waites was not a party to that action. He had filed no pleadings in that cause. The legal disability of the trial court to order the other two causes to be tried jointly with 15748—B did not invalidate the trial of 15748—B.

This appeal has been considered without the benefit of a statement of facts (estimated to cost $3,000) other than the evidence adduced on the motion for new trial with respect to the alleged disqualification of the trial judge. Appellees' motion to dismiss this appeal and in the alternative to require appellants to designate in which cause they appeal from and other assigned reasons, we deem not necessary to detail, is overruled. No point is presented by appellants which attack any jury finding. It is thought the matters neces-

sary to decision on the points presented appear in the transcript.

For the reasons above stated the judgment in 15748—B will be affirmed and costs incurred in that cause will be taxed against such of the appellants who are parties to that cause; the judgments entered in causes No. 15748 and No. 15748—A are reversed and the causes remanded, with the costs incurred in the last two taxed against such of the appellees who are parties respectively thereto.

The opinion and judgment heretofore entered are withdrawn and in lieu thereof this opinion is substituted as the original opinion of the court as of this date.

Affirmed in part and reversed and remanded in part.