I am authorized to state that DAVISON, J., concurs in these views.

The STATE of Oklahoma ex rel. William D. REEVES, Petitioner,

v.

Lehman D. BELLAH, Judge of the Municipal Court of the City of Cushing, Oklahoma, Respondent.

No. A–12441.

Criminal Court of Appeals of Oklahoma.

April 17, 1957.

Application for Leave to File Second Petition Dismissed as Moot May 29, 1957.

Jack E. Sellers, Drumright, Joe A. Moore, Sapulpa, for petitioner.

Sterling N. Grubbs, City Atty., Cushing, for respondent.

NIX, Judge.

This matter was presented to the court on the 6th day of March, 1957, upon motion of William D. Reeves, Petitioner, to disqualify Lehman D. Bellah, Judge of the

Municipal Court in the City of Cushing, before whom petitioner was charged with the crime of public drunkenness in violation of ordinance of City of Cushing.

During a hearing on some of the pleadings in said cause, pending before said Municipal Court, presided over by Judge Lehman D. Bellah, certain remarks were alleged to have been made by the respondent upon which petitioner based his motion for disqualification of said judge. Petitioner alleges in his motion that Judge Bellah was biased, prejudiced and had prejudged the case, wherein the petitioner was charged with public drunkenness. Motion relates that Judge Bellah, during said proceedings, previous to hearing any evidence in said cause, made the following statement in substance:

"Why don't you plead this man guilty? I am going to find him guilty anyway."

Respondent denied each of these allegations in his response filed in this court. Three witnesses, including the petitioner, testified they were present in court on said date, and gave testimony in support of petitioner's motion.

Three police officers of the City of Cushing and Judge Bellah testified for the respondent. The three police officers testified they did not hear the remarks alleged to have been made and upon which the petitioner relied for disqualification of Judge Bellah.

Testimony of witnesses for the petitioner and respondent were in direct conflict with each other. The most persuasive element in the hearing was the fact that Judge Bellah, while testifying before this court, did not deny that said statements were made and did not comment thereon. This presented a question of paramount importance to litigants in the courts of this state, whether it be a municipal court or any higher court. It is likewise of interest to the general public. All are interested in the integrity, independence, fairness, and impartiality of the judiciary. In deciding this matter, the court cannot ignore the constitutional provisions of this state, Article 2, Section 6, O.S.A.:

"The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

The testimony was to the effect that Petitioner Reeves and Judge Bellah had heretofore, and at the time said cause was set for hearing in Municipal Court of Cushing, been close personal friends, and as customary, the newspaper publicity and public discussion had apparently magnified the belief of petitioner that he could not receive a fair and impartial hearing before said judge. Though the testimony was conflicting, the court feels there was sufficient corroboration on petitioner's motion to create a doubt, and under previous holdings of this court the doubt should be resolved in favor of the person to be tried, and it is felt that the administration of justice would be best served if Judge Lehman D. Bellah did not hear said cause. This court has heretofore declared itself on this question in the following language:

"Not only must the judges presiding over the courts be honest, unbiased, impartial, and disinterested in fact, but it is of the utmost importance that all doubt or suspicion to the contrary must be jealously guarded against, and, if possible, completely eliminated, if we are to maintain and give full force and effect to the high ideals and salutary safeguards written in the organic law of the state." State ex rel. Mayo v. Pitchford, 43 Okl. 105, 141 P. 433, 435; Robertson v. Bozarth, 87 Okl. 102, 209 P. 742.

It is therefore the order of this court that Judge Lehman D. Bellah, and he is, disqualified from hearing the case now pending before the Municipal Court of Cushing, wherein the petitioner is charged with public drunkenness.

The method of selecting a successor to Judge Bellah for the purpose of trying this cause is not suggested herein and is left up to the proper officials of the city of Cushing.

BRETT, P. J., and POWELL, J., concur.