## MAY v. CONSOLIDATED UNDER-WRITERS.

### No. 14499.

Court of Civil Appeals of Texas.
Fort Worth.

March 12, 1943.

Rehearing Denied April 9, 1943.

Webb & Webb, of Sherman, for appellant.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellee.

BROWN, Justice.

Appellant, May, brought suit against appellee, Consolidated Underwriters, for workman's compensation, alleging that he was employed by Foxworth-Galbraith Lumber Company when injured and that said named company was the insurance carrier. The suit was filed July 5, 1941, and the petition alleges that May was working as a carpenter remodeling a house for one Homer Wallace. Plaintiff was working for Oscar McDaniel, who purported to be the contractor, and for the purpose of bringing his case within the provisions of Article 8307, Section 6 thereof, of Revised Civil Statutes, he alleged: "That Oscar McDaniel claimed to be a contractor, but plaintiff has information and belief and upon same alleges that this was merely an arrangement, and that he was really an employee of Foxworth-Galbraith Lumber Company; that Homer Wallace is an agent for Foxworth-Galbraith Lumber Company; that the material for the work was furnished by Foxworth-Galbraith Lumber Company."

For the purpose of the trial, plaintiff submitted his First Supplemental Petition, in which he alleged: "That the arrangement the Foxworth-Galbraith Lumber Company had with its contractor was subterfuge to make it appear that others were the employers of the plaintiff, and a subterfuge for the purpose of evading the Workmen's Compensation laws of the State of Texas; and, in truth and in fact, the real employer was the said Foxworth-Galbraith Lumber Company."

The case being tried to a jury, the trial court peremptorily instructed a verdict for the defendant and plaintiff appeals, and presents one "Point" only, viz.: "The trial court erred in directing a verdict in this case, because the testimony was sufficient to raise the question of whether or not in employing O. McDaniel as a sub-contractor, the Foxworth-Galbraith Lumber Company

did so for the purpose and intention of evading liability as a subscriber, under Section 6, Article 8307, of the Revised Civil Statutes of Texas."

In the Statement, found in appellant's brief, there is brought forward only questions propounded to the witness McDaniel, and certain answers, not made in the presence of the jury, but before the trial court, for the purpose of perfecting a bill of exceptions, and we find the following in the record: The attorney for plaintiff addressed the court: "Will your Honor retire the jury and let me put this man's testimony in the record?" To which the court assented.

There then is found some twenty-two pages of questions and answers on direct and cross-examination and redirect examination, and the record discloses that plaintiff's counsel, when he had finished with the examination, then said: "They have had objections all the way through. That is the testimony I offer in support of my bill of exception and would like the Court's ruling on all their objections to the testimony at this time." To this the Court replied: "All right. Some of it I will permit to go in and some of it I won't. It is too close to 12:00 to submit anything to the jury now. We will start with it at 1:30. Then we can rule it in or out as we get to it."

Appellant's brief is wholly devoid of any proceeding had with relation to such matter, after the statement quoted was made by the trial court. No effort is made to show what was urged or presented by the plaintiff or what action was taken in the premises.

■ First, may we respectfully say that there is a marked difference between a "Point" complaining of the erroneous exclusion of material evidence and one raising the issue that "the testimony was sufficient to raise" a certain material issue.

The latter must be predicated upon the evidence that was actually introduced by a party, under the rulings of the trial court, whereas the former is bottomed on the alleged erroneous ruling of the trial court in excluding competent evidence.

We are cited in appellant's brief to no evidence that was admitted by the trial court which tends to support the single point he presents.

■ We are not required to search the entire Statement of Facts, consisting of some 90 pages, for the purpose of digging out some evidence that may, or may not, sustain the "Point" appellant presents.

■ The burden is upon appellant to show the appellate court the record that supports his contention. See Rule 418 of Texas Rules of Civil Procedure.

■ If we were permitted to consider the "Point" as presenting error in the exclusion of pertinent and competent evidence (and we do not believe that is within our authority), we would be confronted with the fact that there is no bill of exceptions to support the contention.

There is nothing before us to shed any light upon what rulings, if any, the trial court ever made, as touching the several hundred questions propounded to the witness McDaniel and his many answers thereto.

After appellant's counsel had finished with his witness, with the jury in retirement, the trial court frankly told counsel that he would (when it was properly presented) admit some of the testimony and exclude some, and invited counsel to present the matters at the afternoon session of court.

It is certain that the trial court did not make any ruling at the time he was called upon to rule, and appellant fails to show in his brief, as he was duty bound to so do, that any ruling or rulings were ever thereafter made, or what such rulings were.

In order to give what we think is a fairly accurate statement of what is behind all this, we draw from the admitted and excluded evidence that O. McDaniel, who says he is a carpenter, contractor and builder, made a written contract with Homer Wallace and wife to do the building that was necessary for Wallace's home, and Wallace and wife gave him a mechanic's lien to secure the contract, and he does not recollect whether a note was executed to him at the time, but that if it was executed, he assigned all the papers to Foxworth-Galbraith Lumber Company.

That all McDaniel did or had to do with, on the job, was the carpenter work, for which he was to be paid, on his own estimate, $600. That he personally hired appellant, May, and such other carpenters as were used by him; that he made up his own pay roll and secured money from Foxworth-Galbraith Lumber Company with which to pay off, and he personally paid

May and the others hired by him in cash. That he paid the "Social Security" charge upon May with one per cent out of May's money and one per cent out of witness's money.

■ If we could deduce from this record that in truth and in fact Foxworth-Galbraith Lumber Company was the contractor and that it sublet the carpenter work to McDaniel, we do not find that the evidence tends to show that it was done "with the purpose and intention of avoiding any liability imposed by" the terms of the Workmen's Compensation laws of Texas, as defined by Articles 8306 to 8309a of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. arts. 8306–8309.

The judgment is affirmed.