O. Z. HARDER, Appellant,

v.

Jim SANDERS et al., Appellees.

No. 6771.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 20, 1955.

Rehearing Denied Feb. 17, 1955.

Lawrence & Lawrence, Tyler, for appellant.

Ramey, Calhoun, Brelsford & Hull, O. C. Funderburk, Tyler, C. B. Bunkley, Jr., Dallas, for appellee.

HALL, Chief Justice.

The controversy between the parties to this appeal finds its beginning in cause No. 7463, filed by appellant Harder against appellees Sanders and wife, in which judgment was rendered against Sanders and wife on September 28, 1937, upon which execution and sale of their homestead was made to satisfy the judgment theretofore rendered in his favor for a small indebtedness. On May 27, 1941, appellant instituted suit No. 10,481–A against Sanders and wife in the nature of trespass to try title to the same tract of land containing 86.27 acres, and on June 17, 1941, judgment by default was rendered against Sanders and wife. On May 18, 1948, appellant filed a motion in cause No. 10,481–A, seeking a writ of scire facias to revive the judgment of June 17, 1941. Scire facias was issued on May 28, 1948, and duly served by the constable of Precinct No. 3 of Smith County. On November 15, 1948, Sanders and wife filed their first amended answer alleging that "no legal process of service or citation of the pendency and filing of such suit (trespass to try title) was ever served upon these defendants (Sanders and wife) or either of them prior to the date of the judgment in cause No. 10,481–A * * * and these defendants had no knowledge of the filing of said cause, directly or indirectly, until long after said judgment was alleged to have been rendered * * *."

Sanders and wife also alleged in their amended answer that they had a meritorious defense to said action: "That the land involved was their homestead and as such was protected against forced sale for the debt forming the basis of the judgment, execution and sale in cause No. 7463 * * *."

In cause No. 10,481–A trial was to a jury and resulted in a verdict that neither Jim Sanders nor his wife was served with citation in said cause. There was no issue submitted to the jury and no finding by it on the issue of meritorious defense. The verdict of the jury in cause No. 10,481–A

was received and filed by the trial court. Sometime later, upon motion of Harder for judgment non obstante veredicto, judgment was entered for Harder. This cause was appealed to this Court and the judgment of the lower court was affirmed, 223 S.W.2d 61. The Supreme Court reversed this court and the lower court, holding that there were sufficient facts in the record to uphold the verdict of the jury finding that no service was had upon Sanders and wife, and reversed and remanded the cause to the trial court. It was the opinion of the Supreme Court that it was unable to render the action because there was no finding by the jury on the issue of meritorious defense. This opinion of the Supreme Court was handed down February 8, 1950, 148 Tex. 593, 227 S.W.2d 206, rehearing denied March 15, 1950.

On July 19, 1951, O. Z. Harder, appellant here, filed in cause No. 10,481–A his motion to dismiss his scire facias proceeding in the trial court, and said motion was by the trial court dismissed. On June 8, 1951, O. Z. Harder caused to be issued out of cause No. 10,481–A a writ of possession and placed it in the hands of the sheriff of Smith County. On December 5, 1951, Jim Sanders and wife filed as cause No. 19,547–A a pleading denominated second amended petition, setting up their defense to the original action in cause No. 10,481–A, and in addition sought an injunction restraining the sheriff from executing the writ of possession theretofore issued out of the district court and delivered to the sheriff for execution. On November 26, 1951, appellant Harder filed the following instrument in cause No. 19,547–A:

"Admission By The Defendant

"To The Honorable Said District Court:

"Prior to any trial of this cause, the Defendant admits, for the purposes of this trial only, that the Plaintiffs herein had a meritorious defense to the cause of action as was asserted in cause No. 10,481–A on the docket of this Court styled 'O. Z. Harder v. Jim Sanders and Jessie Sanders.' "

On February 20, 1954, appellees Jim Sanders and wife filed their motion for summary judgment in cause No. 19,547–A. On June 29, 1954, L. A. Grelling who had become interested in the land in controversy subsequent to the reversal and remand of said cause by the Supreme Court, filed his petition of intervention in cause No. 10,481–A seeking a summary judgment. Upon hearing of this motion, together with that of Grelling filed in No. 10,481–A, the trial court entered summary judgment against appellant and in favor of Grelling, and Sanders and his wife, and cause No. 19,547–A and cause No. 10,481–A were consolidated as cause No. 10,481–A.

Appellant's point 1 asserts that, "The trial court erred in rendering a summary judgment for appellees since appellant has previously dismissed its motion for writ of scire facias leaving no affirmative pleading in No. 10,481–A upon which to base the judgment." Appellant's second point is:

"It was error for the trial court to render judgment for appellees basing such judgment on a finding that cause Number 19,547–A was ancillary to cause Number 10,481–A because Number 10,481–A had long before been dismissed and the court no longer exercised jurisdiction in cause Number 10,481–A."

The writ of possession of June 8, 1951, was issued out of cause No. 10,481–A and was outstanding when appellant dismissed his motion for scire facias. It was this writ of possession to which appellees Sanders and wife directed their application for a writ of injunction to prevent its execution by the sheriff, which for some reason was filed as cause No. 19,547–A. A casual examination of both of these causes of action reveals that they involve the same subject-matter and parties, except Grelling who owned an interest in the land under Jim Sanders and wife. They were on the docket of the same district court in Smith County, and before the same district judge who had heard this litigation from its inception. The dismissal of the action for

scire facias did not, in our opinion, obliterate cause No. 10,481–A so as to amount to a dismissal. There remained on file in said case at least the issue of meritorious defense pleaded by Sanders and wife. We think from all the circumstances herein it plainly appears that the action by Sanders and wife filed in cause No. 19,547–A, being an application by them to enjoin the execution of appellant's writ of possession, issued out of No. 10,481–A, was ancillary to cause of Action No. 10,481–A and was properly joined with said cause. Walker v. McMaster, 48 Tex. 213; Fielder v. Parker, Tex.Civ.App., 119 S.W.2d 1089; Beck v. Priddy, Tex.Civ.App., 249 S.W. 1105. Moreover, the consolidation of the causes of action was warranted under Rule 174, Texas Rules of Civil Procedure. The trial court has great discretion upon questions of joinder of parties and causes of action, and of consolidation or separation of causes. Wilson v. Ammann and Jordan, Tex.Civ.App., 163 S.W.2d 660, error dis.; and the trial court's action in such matters will not be disturbed on appeal except for abuse of discretion. Montgomery v. Willbanks, Tex.Civ.App., 202 S.W.2d 851, w/r, n. r. e.; see also Fry v. Tucker, Tex.Civ. App., 197 S.W.2d 375, affirmed in part and reversed in part 146 Tex. 18, 202 S.W.2d 218. These points are overruled.

By his 5th point appellant asserts that the trial court erred in rendering summary judgment for appellees, "Since the Supreme Court reversed and remanded this case for new trial for all purposes instead of impliedly reversing and remanding this cause for the purpose only of determining the issue of meritorious defense * * *." Before hearing and pronouncement of the summary judgment by the trial court appellant filed an admission in cause No. 19,547–A to the effect that appellees "had a meritorious defense to the cause of action asserted in cause No. 10,481–A on the docket of this court." The summary judgment entered below is based upon the above admission and the findings of the jury undisturbed and still on file in cause No. 10,481–A. On the trial of cause No. 10,481–A, originally November 27,

1948, judgment non obstante veredicto was rendered for appellant, reviving the default judgment theretofore rendered for appellant against appellees dated June 17, 1941. In the trial resulting in the latter judgment, the jury found that neither of appellees here, Jim Sanders nor his wife, was served with citation. These answers of the jury "were received by the court and were filed and entered of record on the Minutes of such Court." An appeal was taken from this latter judgment, resulting in an affirmance by this court and a reversal by the Supreme Court.

We adopt the following recitals in the summary judgment rendered by the trial court as applicable to the issues in this case:

"It appearing to the Court that the matters of fact recited in said motions are true and unchallenged and of the truth of which the Court takes judicial knowledge from its own records in the proceedings under both docket Nos. 10,481–A and 19,547–A; and it further appearing to the Court, from the opinion and judgment of the Supreme Court in this case rendered February 8, 1950, that the determinative issues in the case then before the Supreme Court were decided in favor of Jim Sanders and wife, except the single issue of whether, at the time of the default judgment, Jim Sanders and wife, against whom it was rendered, had a meritorious defense.

"It is the conclusion of the Court that the decision of the Supreme Court is the law of the case, binding upon this Court and the parties hereto; that the decision of the Supreme Court confirmed and adopted the findings of the jury that Jim Sanders and wife were never served with citation; that the judgment of the * * * Supreme Court, did not set aside or affect the verdict of the jury, the judgment of the trial court having been rendered notwithstanding such verdict; that under the Supreme Court's decision said verdict still on file * * * is

available and adequate to support a judgment for Jim Sanders and wife, Jessie Sanders, so far as the issue determined by the verdict is concerned; that under the mandate of the Supreme Court (as the law of the case) the determination of the issue of meritorious defense in favor of Jim Sanders and wife, Jessie Sanders, in connection with the issue of no service of citation as found by the jury, requires a judgment for Jim Sanders and wife, Jessie Sanders.

"It further appearing that after the remand of this case by the Supreme Court, O. Z. Harder, by his attorneys, having filed a formal admission that Jim Sanders and wife, Jessie Sanders, did have a meritorious defense to plaintiffs' cause of action in said case, no fact issue remains to be determined in order to entitle Sanders and, wife to judgment."

It must be remembered that the original judgment (of November 27, 1948) was not based upon the jury findings of no service upon Sanders and wife, but was in total disregard of said findings upon motion of Harder for judgment non obstante veredicto, so the opinion of the Supreme Court in Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, had the effect of reinstating said jury findings leaving them in the same condition as when said findings had been ordered filed for record in the Minutes of the District Court of Smith County. It is our opinion that such holding by the Supreme Court, impliedly at least, settled this issue of the case and left only the issue of meritorious defense to be decided. This being true, and Sanders v. Harder, supra, constituting the law of the case, we are bound to follow such holding.

We are not unmindful of the holding of the Supreme Court in Texas Employers Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W. 2d 929, and its interpretation of old Rule 62a and new Rule 434. We think the circumstances in this record, together with the implied holding of the Supreme Court

in Sanders v. Harder, supra, impel the conclusion that the jury verdict, finding that Sanders and wife were not served with citation on the scire facias motion disposes of this question in favor of appellees Sanders and wife, and the summary judgment now before us, being the only final judgment in the cause, should be upheld.

We have examined all other points brought forward, they are in our opinion without merit and are overruled.

Judgment of the trial court is affirmed.