O. Z. HARDER v. JIM SANDERS ET AL

No. A-5174. Decided October 5, 1955.
Rehearing overruled December 14, 1955.
(284 S.W. 2d Series 144)

*Lawrence* and *Lawrence* and *F. Lee Lawrence,* of Tyler for petitioners.

The Court of Civil Appeals erred in affirming the judgment of the trial court, since the Supreme Court had reversed the case for all purposes instead of impliedly reversing and remanding it only for the purpose of whether the defendants had a meritous defence. Texas Emp. Ins. Ass'n v. Lightfoot, 139 Texas 304, 162 S.W. 2d 929; Fisher v. Coastal Transport Co., 149 Texas 224, 230 S.W. 2d 522; Phoenix Assurance Co. v. Stobaugh, 127 Texas 308, 94 S.W. 2d 428.

*Ramey, Calhoun, Brelsford & Hull* and *O. C. Funderburk,* all of Tyler, for respondents.

In reply to petitioner's contentions cited Downing v. Jeffrey, 195 S.W. 2d 696, writ refused; Kendall & Harcourt v. Mather, 48 Texas 585; Burck v. Burroughs, 64 Texas 445.

MR. JUSTICE SMITH delivered the opinion of the Court.

Petitioner, O. Z. Harder, filed suit against respondents, Jim Sanders and wife, in trespass to try title, and, on June 17, 1941, judgment was entered by default against the defendants. On

May 18, 1948, in the same cause, which was No. 10,481-A, the district court issued a Scire Facias to revive the judgment. This was upon motion of the petitioner. Respondents answered the motion by alleging that they had never been served with citation in the case, and had no previous knowledge of the suit, and that they had a meritorious defense thereto. The burden rested upon respondents to obtain favorable jury findings upon both the issue of non-service of citation and that of meritorious defense. The former was submitted to a jury and its findings were favorable to the respondents. The issue of "meritorious defense" was not submitted to the jury and no finding of fact was made thereon by the tral court. Petitioner's motion for judgment non obstante veredicto was granted on the ground that the testimony of respondents denying that citation was served upon them was not corroborated by any other witness or any other fact or circumstance in the record, the petitioner's contention being that since there was no evidence other than the testimony of respondents, no issue of fact was raised by the jury's determination. The petitioner did not allege as a ground for judgment non obstante veredicto that respondents had failed to prove a meritorious defense.

On the 8th day of February, 1950, this court held that the testimony of respondents was sufficiently corroborated, but refused to reverse and render the judgment in their favor. Sanders v. Harder, 148 Texas 593, 227 S.W. 2d 206.

■ The case was reversed and remanded to the district court for the reason that the verdict was insufficient to form the basis for a judgment in favor of respondents. This court in so holding said: "The sole findings of the jury were that neither petitioner was served with citation in the original suit." Those findings are not conclusive against respondent's right to have writ of possession issue. In order to avoid the legal effect of the judgment rendered and to defeat the right of the respondents to have writ of possession issue, petitioners (Sanders, et al) were required to prove that they had a meritorious defense thereto, notwithstanding they were not legally cited. Commercial Credit Corp. v. Smith, 143 Texas 612, 187 S.W. 2d 363. There is no finding on that issue, *and it is not established as a matter of law.* (Emphasis added.) The court further pointed out that in the "recent case of Cox v. Nelson, Texas Civ. App., 223 S.W. 2d 84, error refused, it appears that the judgment had not become dormant."

Thereafter, on July 19, 1951, petitioner filed a motion to dis-

miss his motion for Scire Facias, and on the same date the district court granted the motion and entered an order dismissing the motion for Scire Facias. Prior to such action a writ of possession was issued and placed in the hands of the sheriff of Smith coutny for execution.

On December 5, 1951, respondents, Jim Sanders and wife, filed their second amended original petition in Cause No. 19,547-A, seeking affirmative relief, and in their prayer asked that the original judgment rendered in Cause No. 10,481-A be "set aside and held for naught and that plaintiffs have judgment for the title and possession of the property involved . . . , and that . . . on hearing the defendants be temporarily enjoined from executing a writ of possession or in any manner interfering with the use and possession and occupancy of the plaintiffs to the property involved."

Respondents, L. A .Grelling et al filed a plea in intervention in Cause No. 10,481-A alleging that they were interested in the subject matter of the suit, in that they were the owners of an oil and gas lease upon the land in controversy.

On November 26, 1951, petitioner filed an admission in Cause No. 19,547-A as follows:

" . . . . that the plaintiffs (Jim Sanders and wife) had a meritorious defense to the cause of action as was asserted in Cause No. 10,481-A on the docket of this court styled O. Z. Harder v. Jim Sanders and Jesse Sanders."

■ Thereafter, the respondents, Jim Sanders and wife, filed a motion for summary judgment in Cause No. 19,547-A and the respondents-intervenors filed a motion for summary judgment in Cause No. 10,481-A.

The respondents contended that the jury verdict of no service of citation had not been set aside but had been upheld by this court and for that reason the decision of this court on the question became the law of the case, and further contended that the admission that respondents had a meritorious defense together with the jury finding that citation had not been served in the original suit eliminated all ultimate fact issues and that a summary judgment should be entered.

Both motions for summary judgment were considered as if they had been filed in one suit, and the trial court granted such

motions and that judgment has been affirmed by the Court of Civil Appeals. 275 S.W. 2d 160. The respondent contends on this appeal that the effect of our judgment in the former appeal was to remand the cause for trial only on the issue of meritorious defense. With this contention we cannot agree. The case was reversed and remanded to the trial court for trial generally, and not for the sole purpose of determining the issue of "meritorious defense." This conclusion is inescapable in view of the fact that the issues involved were not severable. Upon a subsequent trial it was incumbent upon respondents, in order to obtian a judgment favorable to them, to allege and prove that citation had not been served upon them and that they had a meritorious defense. Texas Employers' Ins. Ass'n. v. Lightfoot, 139 Texas 304, 162 S.W. 2d 929. It is only where it appears to the court that the error affects a part only of the matter in controversy, and the issues are severable, that the judgment will be rendered as to one issue and a new trial ordered as to another issue affected by the error. Rule 434, Texas Rules of Civil Procedure.

Since the admission only determined one of the issues involved, and since the respondents failed to offer any proof on the issue of service of citation in the original case, the granting of a summary judgment was error.

The judgments of the district court and the Court of Civil Appeals are reversed and this cause is remanded to the district court for a new trial.

Opinion delivered October 5, 1955.

Rehearing overruled December 14, 1955.