**George J. AUBIN, Appellant,**

v.

**Louis S. HUNSUCKER, Jr., Appellee.**

No. 11915.

Court of Civil Appeals of Texas, Austin.

June 7, 1972.

Rehearing Denied July 5, 1972.

Palmer & Steed, James M. Steed, Austin, for appellant.

Stayton, Maloney, Black, Hearne & Babb, Douglass D. Hearne, Austin, for appellee.

O'QUINN, Justice.

Louis S. Hunsucker brought this lawsuit against George J. Aubin in September of 1969 to recover on two promissory notes, one of which Aubin executed in 1967 for $16,300 and the other in 1969 for $13,965.

After trial without a jury, the trial court entered judgment denying Hunsucker recovery on the $16,300 note for failure of consideration because given in payment of a gambling debt and allowing recovery of $5,465 on the $13,965 note, plus attorney's fees for $637.74.

Aubin as appellant complains that the trial court refused him leave to file a trial amendment pleading payment of $3,543.29 on the second note for $13,965.

Hunsucker as appellee complains under a counterpoint that the court erred in not allowing Hunsucker an additional recovery of $3,500 and attorney's fees on a transaction the court found "so closely related in time to the gambling activities . . . as to be tainted, and . . . therefore, void and unenforceable."

Evidence was adduced early in the trial that Aubin, on June 6, 1969, gave Hunsucker a check for $3,543.29, bearing the notation "loan repayment and interest," and that Hunsucker had credited the payment on the $16,300 note, which expressly provided "no interest and no due date." Hunsucker testified that he had agreed orally with Aubin not to press collection of the $16,300 note for two years, or until after August 30, 1969, in consideration that

Aubin would then pay Hunsucker an additional $5,000.

It was shown also that Hunsucker had first noted credit for payment of the $3,543.29 on the $13,965 note, but had drawn a line through that notation and made the credit entry on the note for $16,300, which at that time was not due under their oral agreement by more than two months. Hunsucker testified earlier that neither he nor Aubin regarded the $16,300 note as collectible in court since it was given in payment of a gambling debt.

During cross-examination of Hunsucker, counsel for Aubin sought to draw from Hunsucker an admission that the payment of $3,543.29 did not "go on that note [$16,300] at all but, in fact, went on the April 24th note [$13,965, dated April 24, 1969] . . ."

Counsel for Hunsucker objected, pointing out that Hunsucker had pleaded payment of the $3,543.29 on the note for $16,300, and that Aubin had pleaded only failure of consideration as to each of the two notes and had not pleaded payment of $3,543.29 on either note. Aubin then sought to file a trial amendment setting up payment of the $3,543.29 on the $13,965 note. The trial court refused to grant leave to file the trial amendment.

The court stated, "No, sir, you have had ample time to plead. You had notice apparently that the payment was on the $16,000.00 note. If you disagree with that, why did you not plead earlier that the payment was on the $13,000.00 note? * * * * I am not going to let you now plead that the payments which he pleaded was on the $16,000.00 note was in fact on the $13,000.00 note. You may examine him to test his credibility."

In the course of further cross-examination Hunsucker testified that the note for $13,965, dated April 24, 1969, was due in twenty-three days from its making, and that interest on the following June 6, when payment of $3,543.29 was made, would amount to $32.99. Aubin testified later in the trial that when he handed Hunsucker the check for $3,543.29, Hunsucker calculated the interest and gave Aubin "about twelve dollars" in money in correction of Aubin's calculation.

Aubin testified that when he paid the $3,543.29 to Hunsucker, he told Hunsucker ". . . that was repayment of the cash he advanced some forty-odd days prior to this," an advancement both parties admitted was part of the consideration for the $13,965 note. . Objection was made to Aubin's testimony. The court stated, "I will admit the evidence, but not on the basis . . . that this payment can be credited on the thirteen thousand dollar note."

After the trial, Aubin sought, by motion to offer additional evidence pursuant to Rule 270, Texas Rules of Civil Procedure, to present evidence found in the oral deposition of Aubin, taken June 11, 1971, about two weeks before trial. By deposition Aubin had testified that the payment of $3,543.29 was on the $13,965 note, with interest from April 24, the date of the note, and that with this payment he discharged all valid obligations for money advanced by Hunsucker, as opposed to gambling losses.

The trial court denied Aubin's motion to offer additional evidence and stated, "This case has been on file since September of 1969. I believe that is plenty of time for the Pleadings to be in shape. I am not going to reopen the case for the purpose, in effect, of bolstering your request for a Trial Amendment. I am going to deny the Motion."

Under Rule 66, Texas Rules of Civil Procedure, the trial court may allow pleadings to be amended in course of trial if evidence objected to is not within issues made by the pleadings or when defect, fault, or omission of form or substance in a pleading is called to the court's attention. The limits of the Rule are best stated by setting out Rule 66 in full:

"If evidence is objected to at the trial on the ground that it is not within the

issues made by the pleading, or if during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence."

■ Each case involving action of the trial court on motion for leave to file a trial amendment will be decided under the facts peculiar to the case, but it is settled that the matter of granting leave to file a trial amendment "is addressed to the sound discretion of the trial court," and the court's order will not be set aside in the absence of clear showing that the court abused its discretion. Vermillion v. Haynes, 147 Tex. 359, 215 S.W.2d 605, 609 (1948).

■ In determining whether the trial court's refusal of the proffered trial amendment was harmless error under Rule 434, Texas Rules of Civil Procedure, we are bound to consider the entire record. Couder v. Gomez, 373 S.W.2d 345, 349 (Tex.Civ.App. El Paso 1963, affd. in part, rev. and rem. in part on other grounds, 378 S.W.2d 14).

■ Under the rule of *Vermillion*, as well as the holdings in other Texas cases, it is established that the discretion of the trial court is to be exercised liberally in favor of amendments in the interest of justice. Vermillion v. Haynes, supra; Butcher v. Tinkle, 183 S.W.2d 227, 229 (Tex. Civ.App. Beaumont 1944, writ ref. w.o. m.); Walker v. Hubert, 337 S.W.2d 390, 391 (Tex.Civ.App. Austin 1960, no writ); Galaviz v. Langdeau, 352 S.W.2d 352, 355 (Tex.Civ.App. Austin 1961, no writ).

We have concluded that under the facts of this case, as in *Vermillion,* "both the spirit and intent of Rule 66 required that the amendment be permitted."

The trial court properly excluded testimony in behalf of Aubin for the purpose of showing partial payment, since payment was not pleaded as required under Texas Rules of Civil Procedure, Rules 94 and 95. (44 Tex.Jur.2d Payments, sec. 53, and cases cited). The evidence the court permitted Aubin to introduce, in attacking the credibility of Hunsucker as a witness, was substantially the same that Aubin might have offered as proof of payment on the note for $13,965. The identical testimony had been discovered by Hunsucker when Aubin's deposition was taken prior to trial. Aubin's position on the matter of payment was made entirely clear to Hunsucker before trial, except by a pleading affirmatively setting up the defense of payment.

Aubin's amendment sought only to assert a defense in law to facts already established, and, unlike the effort in Westinghouse Electric Corp. v. Pierce, 153 Tex. 527, 271 S.W.2d 422 (1954), did not seek to change the factual basis of the lawsuit.

Hunsucker argues that ". . . the real issue before this Court is whether Aubin . . . is to be permitted to take advantage of the policy expressed in Rule 66 over the policy expressed in Rules 94 and 95." Hunsucker relies on the holding by the court of civil appeals in Trimble v. Farmer, 296 S.W.2d 580, 587 (Tex.Civ. App. Fort Worth 1956, rev. in part, affd. in part, 157 Tex. 533, 305 S.W.2d 157), in which the intermediate court found no abuse of discretion "in connection with . . . [Rules] 63 and 67, and additionally it is to be noted under the provisions of T.R.C.P. 95 that intervenor had the obligation to file a plea of payment as a predicate to the right of introduction of any proof of payment."

The Supreme Court, in affirming in part and in part reversing the judgment, did not consider the matter of the trial amendment

or the relative weight to be given to Rule 66 and the Rules requiring affirmative pleas. In a later case the Supreme Court did examine Rule 66 and Rule 94 in determining whether the trial court's refusal of leave to file a trial amendment was properly held by the court of civil appeals to be abuse of discretion.

■ The Supreme Court affirmed the judgment of the court of civil appeals in Moulton v. Alamo Ambulance Service, Inc., 414 S.W.2d 444 (Tex.Sup.1967), but because evidence of failure to mitigate damages by care and treatment of personal injuries was admissible under a general denial, and an affirmative plea under Rule 94 was not a prerequisite to proof of failure to mitigate, the holding of the court of civil appeals, that the trial court erred in refusing leave to file a trial amendment, was disapproved and found to be error. We find nothing in this case, or in the Rules, which suggests that methods for amending pleadings under Rule 66 and requirements for affirmative pleading under Rules 94 and 95 are in conflict, or that because Rules 94 and 95 require specified defensive matters to be specially pleaded, these Rules render Rule 66 inoperative when a party fails to file such pleading.

Rule 66 does not condition the granting or refusal of leave to amend on the diligence with which a party's attorney has prepared the case. The Rule plainly directs that ". . . the court may allow the pleadings to be amended and *shall do so freely* when the presentation of the merits of the action will be subserved thereby and *the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action . . . upon the merits.*" (Emphasis added)

Hunsucker pleaded payment on the $16,300 note and knew from Aubin's deposition that Aubin was claiming that payment had been on the $13,965 note. The evidence adduced in attacking Hunsucker's

credibility as a witness on the subject of payment was of the same nature as proof of payment would have been under Aubin's pleadings if the trial amendment had been allowed. No delay could have resulted from granting leave to amend, since all witnesses essential to proof or rebuttal of the issue were present at the trial. Hunsucker made no attempt to show that he would have been prejudiced in maintaining his action upon the merits, and, of course, Aubin's position on payment assuredly came as no surprise to Hunsucker.

■ From examination of the entire record, we conclude that in refusing Aubin leave to file a trial amendment pleading that payment of the $3,543.29 was on the note for $13,965, the trial court abused the discretion allowed under Rule 66 and that this constituted reversible error.

We now consider Hunsucker's counterpoint that the trial court erred in failing to allow Hunsucker judgment for $3,500, with interest and attorney's fees, out of the note for $13,965 dated ". . . April 24, 1969, because this $3,500 was in renewal and extension of a valid and legal promissory note dated August 30, 1969 [sic], that had been given for a cash loan and that was capable of constituting a separate cause of action which showed no proof of illegality."

We do not find in the record a note for $3,500 dated August 30, 1969, which date, of course, was subsequent to the making of the $13,965 note on April 24 of that year. In examining the record and Hunsucker's argument, we assume that the $3,500 note mentioned in the assignment of error actually was dated August 30, 1967, which was also the date of the $16,300 note. We will examine and dispose of the point on that premise.

Both Hunsucker and Aubin testified that prior to the making of the $16,300 note on August 30, 1967, Aubin had paid Hunsucker in cash $20,000 to $25,000. Aubin testi-

fied that the $16,300 note and the note for $3,500, both dated August 30, 1967, were ". . . executed simultaneously, I mean at the same time, one after the other on that date." Aubin told Hunsucker that he was getting married and had to have some cash and that Hunsucker had won all Aubin's cash. "Anyway, the transaction as it worked out," Aubin testified, "was that he would take $3,500.00 of the winnings that I had just paid him and refund it to me."

Hunsucker gave Aubin a check for $3,500 and Aubin signed a note for that amount and at the same time signed the note for $16,300. The men went to the Capital National Bank and exchanged the check for a cashier's check payable to Aubin. Aubin testified that the $3,500 was definitely money Aubin had given Hunsucker.

The trial court, after hearing the testimony of both parties, concluded, and stated in the conclusions of law, that the $3,500 note executed on August 30, 1967, ". . . was so closely related in time to the gambling activities between . . . [the parties] as to be tainted, and . . . therefore, void and unenforceable."

■ Hunsucker relies in the main on Seibert v. Sally, 238 S.W.2d 266 (Tex.Civ. App. Galveston 1951, no writ), in contending that "the temporal relationship between the gambling activities which may have been occurring between Hunsucker and Aubin do not void this note." In *Seibert* the court held that the note which the court found to be a valid obligation was not based on a gambling debt. The note was given in repayment of money borrowed from a third party which the borrower subsequently lost in a card game. In the case before us the trial court was

justified in finding, as was found, that Aubin paid Hunsucker "a gambling debt . . . in excess of $3,500" and that Hunsucker gave Aubin a check for $3,500 "after . . . [Aubin] had just paid the gambling debt." The making of the note for $3,500 "was so closely related in time to the gambling activities" as to make the note tainted and unenforceable.

We are of the view that the facts of this case are distinguishable from *Seibert*. We find no error in the trial court's action in not awarding Hunsucker recovery on the note of August 30, 1967, in the amount of $3,500. Hunsucker's counterpoint is overruled.

■ The record discloses that all issues of this lawsuit as pleaded were fully developed at the trial on the merits. It appears that the error of the trial court, in refusing Aubin leave to file a trial amendment pleading payment on the note for $13,965, affects a part of the matter in controversy and that the issues are severable. We will reverse and remand for new trial only as to that part of the judgment affected by that error. Rule 434, Texas Rules of Civil Procedure; Harder v. Sanders, 155 Tex. 149, 284 S.W.2d 144 (1955).

We reverse the judgment of the trial court and remand the cause for further proceedings on the issue of whether payment of $3,543.29 was made on the $16,300 note or on the $13,965 note and for determination of appropriate attorney's fees and interest as provided in the applicable promissory note.

Judgment reversed and cause remanded for retrial on issue of payment.

Reversed and remanded with instructions.