**AMERICAN PRODUCE & VEGETABLE COMPANY, Appellant,**

v.

**J. D. CAMPISI'S ITALIAN RESTAURANT et al., Appellees.**

No. 870.

Court of Civil Appeals of Texas, Tyler.

Dec. 31, 1975.

Appellant's Motion for Rehearing Granted with Written Opinion Feb. 5, 1976.

Appellee's Rehearing Denied Feb. 26, 1976.

Samuel B. Paternostro, Dallas, for appellant.

Jerry W. Biesel, Dallas, for appellees.

DUNAGAN, Chief Justice.

This suit on a sworn account was instituted in the 193rd Judicial District Court of Dallas County, Texas, by appellant, American Produce & Vegetable Company, against J. D. Campisi's Italian Restaurant, a Texas Corporation, and Alvin Zidell, individually. The only answer filed was by the defendant Zidell. Trial was to a jury. At the conclusion of the testimony, the court submitted to the jury twelve special issues inquiring as to the liability of the defendant, Zidell, based, upon partnership and sole proprietorship theories. The jury answered favorably to the appellant on the theory of partnership and answered in favor of appellee Zidell on the theory of sole proprietorship. This appeal is from the trial court's granting of appellee Zidell's motion for judgment non obstante veredicto. The judgment was in favor of appellant and against J. D. Campisi's Italian Restaurant in the sum of $8,836.80, together with the sum of $500 in attorneys' fees, costs of court and statutory interest until judgment is satisfied. The judgment further decreed that appellant "recover nothing of and from the Defendant Alvin Zidell, individually, and that the Defendant Zidell go hence with his costs of court." From this judgment appellant has duly perfected its appeal. Defendant, J. D. Campisi's Italian Restaurant, is not a party to this appeal.

Subsequent to the return of the jury's answers to the issues, appellee Zidell filed his motion to disregard the jury answers to all the special issues, except No. 7 which was answered favorably to him, and for judgment non obstante veredicto on the grounds that there was "no evidence" or "the evidence was insufficient" and there were no pleadings to support the jury's answers to said issues complained of. Appellee's objections to the submission of those issues were on substantially the same grounds and were overruled. Seven days after appellee filed his motion for judgment non obstante veredicto appellant filed a motion for permission to file a trial amendment to plead the question of partnership in more particularity to better conform to both the proof and special issues submitted by the court.

■ Appellant, by its original and supplemental brief, is before this court on twelve points of error; however, he presents argument only under points of error 1 and 12. Points 2 through 11, not being briefed, were waived and will not be considered by this court. *West Texas Utilities Company v. Bergstrom*, 458 S.W.2d 548 (Tex.Civ.App.–Eastland 1970, writ ref'd n. r. e.); *Employers' National Life Insurance Co. v. Willits*, 436 S.W.2d 918 (Tex.Civ. App.–Amarillo 1968, writ ref'd n. r. e.); *Watson v. Godwin*, 425 S.W.2d 424 (Tex.Civ. App.–Amarillo 1968, writ ref'd n. r. e.);

*Inman v. Parr*, 311 S.W.2d 658, 704 (Tex. Civ.App.–Beaumont 1958, writ ref'd n. r. e.) and Rule 418, T.R.C.P.

Appellant has predicated its point of error No. 1 on the contention that there is evidence of probative force to support the jury's answer to Special Issue No. 1 and therefore the trial court erred in granting appellee's motion for judgment non obstante veredicto on the ground that there was either no evidence or insufficient evidence and no pleading to support the jury's answer to Special Issue No. 1.[1] By its point of error No. 12 it asserts that the trial court erred in not allowing it to file a trial amendment pleading in more particularity the question of partnership so as to have better conformed to both the proof and the special issues submitted by the court.

A judgment contrary to the verdict cannot be granted on the ground of factually insufficient evidence to support the verdict. Therefore, appellant is limited in this appeal to "no evidence" points. *Bellaire General Hospital, Inc. v. Campbell*, 510 S.W.2d 94 (Tex.Civ.App.–Houston, 14th Dist., 1974, writ ref'd n. r. e.). Moreover, a defect in the pleadings constitutes no ground for a judgment non obstante veredicto under Rule 301, T.R.C.P.; 4 McDonald, Texas Civil Practice, Sec. 17.32 at 207. For a judgment non obstante veredicto to be upheld, it must appear that there is no evidence of probative force in support of the disregarded jury finding. *Bellaire General Hospital, Inc. v. Campbell*, supra; *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Hays v. Nelson*, 400 S.W.2d 12 (Tex.Civ. App.–Fort Worth 1966, n. w. h.). Thus, appellant's burden on appeal is to point out some evidence of probative force in support of these findings.

Appellant does not seem to have briefed that portion of its point of error complaining of the trial court's action in sustaining appellee's motion for judgment non obstante veredicto on the grounds of no evidence. The thrust of appellant's argument under its point of error No. 1 is directed to its complaint that the trial court erred in not permitting it to file a trial amendment. Appellant in its original brief states "The only two entities left after piercing the corporate veil would be as either a partnership or a sole proprietorship, both of which are implied in Paragraph IV of the Plaintiff's Original Petition." It also asserts in its original brief that these entities were well known to the defendant-Zidell and that he claimed no surprise during the trial and made no objections to appellant's cross examination concerning these two entities. It also states that appellee offered evidence in an attempt to counter these two entities. At this point in its original brief appellant does refer this court to certain pages in the statement of facts apparently for the purpose of showing that the question of partnership was tried by implied consent. The evidence referred to certainly can be of no comfort to appellant as it is the evidence of Zidell denying any partnership. Therefore, the only evidence that appellant has pointed out to us in the statement of facts supports the appellee's allegation in his motion for judgment non obstante veredicto that there is no evidence to support the jury's answer to Special Issue No. 1.

Appellant does not point out any evidence in the record that would support the jury's answer to Special Issue No. 1. This court is not required to search the entire statement of facts, consisting of 219 pages, for the purpose of finding evidence that may, or may not, sustain appellant's point of error. The burden is upon appellant to point out and demonstrate to this court by proper references to the statement of facts, that there was evidence to support the finding. This, appellant has failed to do. *Mid-Conti-*

1. Do you find from a preponderance of the evidence that on or about July 16, 1973, Alvin Zidell represented to Mark Kapka of American Produce and Vegetable Company that J. D. Campisi's Italian Restaurant was a partnership composed of J. D. Campisi and Alvin Zidell?

Answer "We do" or "We do not"

Answer: We do.

*nent Supply Co. v. Conway*, 240 S.W.2d 796, 806 (Tex.Civ.App.–Texarkana 1951, writ ref'd n. r. e.); *Gowan v. Reimers*, 220 S.W.2d 331, 335–336 (Tex.Civ.App.–Fort Worth 1949, writ ref'd n. r. e.); *McDaniel v. Thompson*, 195 S.W.2d 202, 204 (Tex.Civ. App.–San Antonio 1946, writ ref'd); *May v. Consolidated Underwriters*, 170 S.W.2d 295 (Tex.Civ.App.–Fort Worth 1943, writ ref'd w. o. m.). If the references to the statement of facts were for the purpose of demonstrating to us that there was evidence to support the jury's finding to Special Issue No. 1 they totally failed to do so. If they were only for the purpose of showing that appellee was not surprised by the substance of the trial amendment, then appellant has failed to brief the portion of the first point of error asserting that the trial court erred in granting appellee's motion for judgment non obstante veredicto on the ground there was "no evidence" to support the jury's answer to Special Issue No. 1. Therefore, that portion of appellant's point of error No. 1 is waived. Rule 418, T.R.C.P.

In view of our disposition of this appeal, it is unnecessary for us to pass on appellant's point of error No. 12. If the trial court erred in refusing to permit appellant to file a trial amendment it would be harmless error and judgment would be affirmed as appellant (1) has not briefed his contention that the trial court erred in granting appellee's motion for judgment non obstante veredicto on the ground of "no evidence" to support the jury's answer to Special Issue No. 1 or (2) has not pointed out or demonstrated to this court by proper references to the statement of facts any evidence to support the jury's answer to Special Issue No. 1.

We sustain the trial court's judgment for the reasons herein stated.

Judgment affirmed.

## ON MOTION FOR REHEARING

Appellant, by its motion for rehearing, has now directed us to evidence which it contends supports the jury's answer to the special issues in question. The appeal will now be disposed of on the merits.

As stated in our original opinion, this suit on a sworn account was instituted by appellant, American Produce & Vegetable Company, against J. D. Campisi's Italian Restaurant and Alvin Zidell. Defendant Zidell, pursuant to Rule 169, T.R.C.P., admitted that J. D. Campisi's Restaurant was a corporation of which Alvin Zidell was an officer and the principal backer. This corporation was unable to pay the account owing to appellant in the amount of $8,386.80.

Appellant's original petition sought recovery from Zidell on two grounds, to-wit: that he had assured various agents of appellant that if appellant would continue to extend credit to J. D. Campisi's Italian Restaurant, Zidell would personally see to it that these debts were paid; and that Zidell was the alter ego of J. D. Campisi's Italian Restaurant and therefore the court should pierce the corporate veil and hold Zidell accountable. Appellant's agents testified that Zidell told them that he would pay the account and that the restaurant was a partnership. Zidell denied making such representations and said that the reason for incorporation was to limit his liability.

The jury's responses to special issues were as follows: that Zidell had represented to appellant's agent that the restaurant was a partnership and that Zidell would be responsible for the restaurant's account with appellant; that based upon these representations, appellant extended credit to the restaurant; that an account arose out of business dealings between appellant and the restaurant; that an account arose out of business dealings between appellant and the partnership; that an account did not arise out of business dealings between appellant and Zidell individually; that systematic records had been maintained and all just and true credits had been allowed on the account; and that the amount of $8,386.80 was due and owing on the account.

Zidell's motion for judgment non obstante veredicto attacked the answer to each special issue [1] on the grounds that there was no pleading and no evidence to support these answers. Various arguments were made in support of each attack. Judgment was rendered that appellant recover from the J. D. Campisi's Restaurant but not from Zidell. Campisi's Restaurant did not appeal. The take nothing portion of the judgment was "based on the evidence as found by the Trial Court, the answers to the special issues and the motion for judgment non obstante veredicto." That portion of the judgment did not specify which ground, or arguments in support thereof, in the motion for judgment non obstante veredicto it was based upon. With the record in this condition we must presume that the trial court sustained the motion for judgment non obstante veredicto on each and every ground therein stated, including the ground that there were no pleadings to support the answers of the jury to the issues which were favorable to the appellant.

This appeal was briefed under the supposition that the jury had answered favorably to appellant, and against Zidell, on the theory that the restaurant was a partnership composed of Zidell and J. D. Campisi. This court in its original opinion stated that while a judgment non obstante veredicto cannot be granted on the ground of insufficiency of pleadings, such a judgment is proper when there is no evidence to support the jury's answers. *Bellaire General Hospital, Inc. v. Campbell*, 510 S.W.2d 94 (Tex. Civ.App.–Houston, 14th Dist., 1974, writ ref'd n. r. e.); 4 McDonald, Texas Civil Practice, Sec. 17.32 at 207. We affirmed the judgment non obstante veredicto originally because appellant did not point out to us any evidence to support a recovery against Zidell under a partnership theory.

We are still of the opinion that there was no evidence that the restaurant was a partnership between Zidell and J. D. Campisi; indeed, the corporate nature of the restaurant is uncontroverted. We are of the opinion, however, that the jury answers which were favorable to appellant and against Zidell were as follows: that Zidell *represented* to appellant's agent that the restaurant was a partnership; that based upon this representation, appellant extended credit to the restaurant; and that the account arose out of business dealings between appellant and the restaurant. The judgment non obstante veredicto was proper only if there was no evidence to support these answers. *Bellaire General Hospital, Inc. v. Campbell*, supra.

█ Appellant's credit manager, Mark Kapka, testified that Zidell told him on July 16, 1973, that the restaurant was a partnership between J. D. Campisi and Zidell. Zidell's Exhibit No. 1 shows that the Articles of Incorporation of the restaurant were filed with the Secretary of State on May 14, 1973. Kapka also testified that credit was extended to the restaurant based upon a credit check of Zidell. Kapka testified that he did not learn that the restaurant was, in fact, a corporation until August 1974 when he and Zidell discussed payment of the account sued upon. We conclude that this testimony constituted some evidence of such a misrepresentation as would justify holding Zidell liable on the account and the trial court erred in rendering judgment non obstante veredicto. Appellant in its original petition, however, did not plead this misrepresentation.

Appellee in his objection to the court's charge for the first time raised the objection that there were no pleadings or insufficient pleadings to support the issues. This objection was overruled and the case was submitted to the jury. After the jury returned its verdict, answering all issues favorable to appellant, with the exception of Special Issue No. 7, the appellee filed a motion for judgment non obstante veredicto alleging substantially the same grounds as

---

1. No attack was made upon the failure to find that an account arose out of business dealings between appellant and Zidell individually.

set out in his objection to the charge. The court at this stage of the proceedings reversed itself and sustained appellee's motion for judgment n. o. v. which included a ground that there was no evidence or insufficient evidence to support the issues submitted. His objection to the court's charge also included this ground.

■ Subsequent to appellee's motion for judgment non obstante veredicto appellant filed a motion for permission to file a trial amendment to meet appellee's objections to the pleadings. This motion was denied. Appellant by its point of error No. 12 contends that the court erred in refusing to permit the filing of the trial amendment. We agree.

Application of Rules 66 and 67, T.R.C.P., relating to amendment of pleadings during trial is within the sound discretion of the trial judge. While it is true that the application of these rules is within the sound discretion of the trial judge, nevertheless, the interpretation followed by both the Federal and Texas appellate courts is that such discretion is to be exercised liberally in favor of justice. *City of Houston v. Hagman*, 347 S.W.2d 355, 359 (Tex.Civ.App.–Houston 1961, writ ref'd n. r. e.) and *Shaw v. Tyler Bank & Trust Co.*, 285 S.W.2d 782, 790 (Tex.Civ.App.–Texarkana 1955, writ ref'd n. r. e.).

In *Vermillion v. Haynes*, 147 Tex. 359, 215 S.W.2d 605 (1948), the Supreme Court held that the trial court abused its discretion in refusing to permit a trial amendment pleading limitations, where the facts relative to same were already in evidence. The Court said: " * * * The rule directs that the court shall 'freely' allow an amendment if to do so will subserve the 'presentation of the merits of the action' and the other party fails to satisfy the court that the amendment will prejudice him in maintaining his action or defense on the merits." The court also noted that the opposing parties by their objection did not suggest nor hint that they were in any manner surprised or that the amendment would other-

wise prejudice them in maintaining their action on its merits. The court then said: "Under those circumstances, we think that both the spirit and intent of Rule 66 require that the amendment be permitted." The court reversed and remanded the case to the trial court for a new trial. In the instant case appellee made no objection that the filing of the trial amendment would prejudice him in maintaining his defense nor plead surprise or that the amendment would otherwise prejudice him in maintaining his defense. As a matter of fact, the record does not show that appellee made any objection to the filing of the trial amendment. Neither did he object to any of the testimony on the ground of the lack of sufficient pleadings.

■■ The evidence supporting the jury's findings in controversy here was fully developed. The trial amendment did not come too late. An amendment may be allowed after verdict and before judgment. *Shaw v. Tyler Bank & Trust Co.*, supra, and *Milam v. Cooper Co.*, 258 S.W.2d 953 (Tex. Civ.App.–Waco 1953, writ ref'd n. r. e.). We believe that the trial court abused its discretion in refusing to permit the filing of the trial amendment so as to conform the pleadings to the evidence previously introduced without objection.

■ It is further our opinion that this error amounted to such a denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment and requires a remand of this case. Rule 434, T.R.C.P.

The motion for rehearing is granted. That portion of our original opinion affirming the judgment of the trial court and the judgment of this court thereon are withdrawn. There being no appeal taken by J. D. Campisi's Italian Restaurant from the judgment rendered against it, that portion of the judgment is final. The portion of the judgment that appellant "recover nothing of or from" the appellee Zidell only is reversed and the cause is remanded to the

trial court. *Aubin v. Hunsucker*, 481 S.W.2d 952, 957 (Tex.Civ.App.–Austin 1972, writ ref'd n. r. e.).

Reversed and remanded.